(34 App. Div. 55.)

## In re NOBLE.

(Supreme Court, Appellate Division, Second Department. October 28, 1898.)

1. COUNTIES—CREATION—ELECTIONS.

Laws 1898, c. 588, creating the county of Nassau from part of Queens county, and providing (section 4) that the officers of the new county shall be elected at the general election in 1898, immediately created a new county, the electors of which are not entitled to vote for officers of Queens county.

2. SAME—CONSTITUTIONAL LAW.

Laws 1898, c. 588, § 5, making the elected supervisors of the towns composing the new county of Nassau its county supervisors, does not conflict with Const. art. 3, § 26, requiring county supervisors to be elected.

3. ELECTIONS—CANVASS.

Laws 1898, c. 588, creating the county of Nassau, provided that its supervisors should consist of the town supervisors of the towns composing the county, and for the election of other county officers, but did not provide for a canvass of the vote. Held, that the act intended that the canvass should be conducted by the supervisors.

4. MANDAMUS—ELECTIONS—BALLOTS.

The order of a court to a county clerk, directing him to omit the names of certain candidates in preparing ballots, should be by writ of mandamus.

Appeal from special term.

Petition of Daniel Noble for mandamus to require the clerk of Queens county not to put the candidate for surrogate of Queens county on ballots to be used in territory which is to be the new county of Nassau after January 1, 1899. From an order of the special term (53 N. Y. Supp. 922) awarding the writ, the county clerk appeals. Modified.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

W. S. Cogswell, for appellant county clerk.
Henry A. Monfort, for respondent Daniel Noble.
Albert B. Boardman, amicus curiæ.

WILLARD BARTLETT, J. The respondent, Daniel Noble, is the candidate of the Democratic party for surrogate of the county of Queens. By chapter 588 of the Laws of 1898 the legislature provided for the erection of a new county, to be called the county of Nassau, from the

territory comprised within the limits of the towns of Oyster Bay, North Hempstead, and Hempstead, in Queens county. The act in express terms directs that at the general election of 1898 there shall be elected for said county of Nassau a county judge, a district attorney, a sheriff, a county clerk, a county treasurer, and a county superintendent of the poor; and candidates for these offices have been regularly put in nomination. Mr. Noble learned from the county clerk of Queens county that, notwithstanding this legislation in respect to Nassau county, it was the intention of that officer, in making up and printing the ballots for use at the coming general election in the three townships which constitute, or are to constitute, that county, "to include not only the names of all candidates nominated for county officers of said new county of Nassau, but also the names of all candidates nominated for county officers of the county of Queens." He thereupon applied at special term for an order or writ of peremptory mandamus directing the clerk to omit the names of the Queens county candidates for county officers from the official ballots to be prepared for voters in the Nassau county territory. His application was successful, resulting in the order from which the present appeal is taken.

The act to erect the county of Nassau became a law on April 27, 1898. The last section provides as follows:

"This act shall take effect on the first day of January, 1899, except as to such parts as are otherwise provided for, and as to such parts it shall take effect at the time or times in this act specified, and except also as to section 4, and subdivision 2 of section 15, which shall take effect immediately."

Subdivision 2 of section 15 relates to the county buildings of Nassau county, and provides that the question of their location shall be voted upon by the electors of the towns of Oyster Bay, North Hempstead, and Hempstead, at the general election this year. By section 4 of the act, which also took effect immediately upon its approval by the governor, it is provided:

"All the county officers for the county of Nassau hereby erected, which are authorized by law, shall be elected at the general election of this state in 1898."

The final provision of the statute above quoted also gave effect at once to the direction to which I have already referred, found in section 3, that a county judge, district attorney, sheriff, county clerk, county treasurer, and county superintendent of the poor for Nassau county shall be elected this year. Reading these various parts of the statute together, we entertain no doubt that the learned judge at special term is correct in his conclusion that their effect was at once to set up the towns of Oyster Bay, North Hempstead, and Hempstead as a new county for the purpose of the approaching general election. If this is so, it follows that in voting for county officers the electors in the territory of these three townships can be allowed to vote only for candidates to fill the county offices of the county of Nassau. It is unreasonable to suppose that the legislature intended to empower an elector in the new county not only to take part in choosing the local officers of the county where he lives, but also to participate in the selection of such officers in another county of which he will be a non-

resident after January 1, 1899. The language of the act, taken as a whole, negatives any such intention, and is rightly interpreted by Mr. Justice Gaynor when he says: "The electors of the new county, by becoming such, ipso facto cease to be electors of Queens county." As against this construction of the statute, however, it is argued in behalf of the appellant that the entire enactment is invalid, because its provisions in respect to the board of supervisors of Nassau county violate the requirement of the state constitution that there shall be in the several counties "a board of supervisors, to be composed of such members and elected in such manner and for such period as is or may be provided by law." Const. art. 3, § 26. It is the fifth section of the act to which this destructive effect is attributed. That section reads as follows:

"The supervisors of the said towns of Oyster Bay, North Hempstead and Hempstead, elected at the annual town meetings held in 1898, shall constitute and are hereby declared to constitute the board of supervisors of the said county of Nassau, with all the powers and privileges appertaining to such board, and shall hold their first annual meeting on the 3rd day of January, 1899, at the place where the public buildings for the said county of Nassau shall be located."

It was held below that, even if section 5 of the Nassau county act were unconstitutional, the remainder of the act would not fall with it. But we think that the section is constitutional. It gives a board of supervisors to the new county. That board is composed of members who have been duly elected supervisors of the several towns which make up the new county, in the manner and for the period provided by law. This fulfills the mandate of the constitution. Although the board of supervisors is a county organization, its members are not elected by the body of electors of the county, but are chosen by the electors of their several towns, respectively; and individually they are classed as town officers. Town Law, art. 4, § 12. "The supervisors of the cities and towns in each county, when lawfully convened, shall be the board of supervisors of the county." County Law, § 10. It might well be held that by force of this general provision of law, the supervisors of Oyster Bay, North Hempstead, and Hempstead would constitute the board of supervisors of the county of Nassau, even without any express enactment to that effect in the statute establishing the county. But, in any event, the Nassau county act leaves the three towns precisely in the same position, so far as their supervisors are concerned, as other rural townships throughout the state. Each town has its duly-elected supervisor, who represents it as a member of the board of supervisors of the county in which the town is situated. It seems to me that it would be difficult to contrive legislation more truly in accordance with the spirit of the constitutional provision relating to the establishment and election of boards of supervisors in the several counties of the state. The act does not undertake to appoint a board which the constitution says must be elected, any more than does the county law when it declares that the supervisors of the cities and towns in each county, when lawfully convened, shall be the board of supervisors of that county. It merely prescribes what town supervisors shall constitute the county

board of supervisors, all of them being officers elected in their respective towns to act not only in town affairs, but as members of the board of supervisors of the county to which the town belongs.

While holding that the Nassau county act is constitutional, we do not decide that the board of supervisors of the new county comes into existence, for all the purposes of that body, prior to the 1st day of January, 1899. That it comes into existence for some purposes, however, seems reasonably clear. The manifest intent of the legislature, as disclosed by the provisions relating to the election of county officers of the new county, was to enable the electors of the three townships comprised therein effectively to choose such county officers at the general election in 1898. To accomplish this result, it is necessary that the votes cast for such officers shall be duly canvassed. There is nothing in the statute directing that they be canvassed by the authorities in Queens county, and the fair implication from the provisions for the election of county officers for Nassau county this year (which took immediate effect) is that the election and canvassing machinery essential or appropriate to render the election effective is to be established in the new county now. To this end the board of supervisors of the new county should meet as a board of canvassers, as prescribed in the election law, and proceed to canvass the votes in accordance with the requirements of that statute. Election Law, § 130 et seq. It is true that at the time fixed for such canvass the supervisors cannot meet at the office of the county clerk, for Nassau county will not yet have any county clerk; and for the same reason the county clerk or his deputy cannot act as the secretary of the board of canvassers. In the absence of any clerk's office, it will doubtless be sufficient if the canvass be made at an equally public place within the territory of the new county. As to the secretary, the supervisors themselves may choose one. People v. Rice, 129 N. Y. 449, 456, 29 N. E. 355, 356. "If the county clerk do not appear, and if his deputy be also absent," said Peckham, J., in the case cited, "I have no doubt of the power of the board to appoint a secretary in their place to perform the duties which appertain to that office. *　*　* In such cases the power to appoint exists as an inherent power of the board to canvass and certify its work." While the court at special term disposed of the application as a motion for a peremptory writ of mandamus, no such writ appears to have been granted, but an order was entered simply directing the county clerk to omit from the official ballots for the towns of Oyster Bay, North Hempstead, and Hempstead the names of all candidates nominated for county offices of Queens county. We infer from the brief of respondent's counsel that he supposed this form of order to be warranted by section 88 of the election law. It seems to us, however, that the provisions of that section have no application to a case like the present, but relate only to actual errors or omissions already made in the preparation of the ballots before the proceeding is commenced. In affirming the conclusions of the court below, therefore, we must modify the form of the order so that it shall provide for the issuance of a peremptory writ of mandamus.

Order modified so as to direct that a peremptory writ of mandamus issue to the appellant, commanding him, in preparing the

ballots to be voted at the next general election in the towns of Oyster Bay, North Hempstead, and Hempstead, to omit therefrom the names of all candidates for county offices of the county of Queens, and the designations of such offices; and, as thus modified, order affirmed, without costs. All concur.