In the Matter of VIRGINIA M. DENT, Respondent, against JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, Respondents, and ROBERT N. ROSE et al., Appellants.

Argued September 10, 1954; decided September 10, 1954.

*John F. X. Browne* and *Godfrey P. Schmidt* for appellants.

*Maurice Rosenberg, Thomas A. Dent* and *A. Paul Goldblum* for Virginia M. Dent, respondent.

MEMORANDUM: Appellant was not " enrolled as a member " of the Democratic party " at the time of the filing of the petition " for his designation as the Democratic nominee for Congress in the Fourth Congressional District in Queens County. Subdivision 1 of section 137 of the Election Law (known as the Wilson-Pakula Act) requires that candidates for party nominations at primary elections (with certain exceptions) be enrolled as party members when their designating petitions are filed. In order to come within any applicable exception, appellant's designation must have been authorized by " a meeting of the members of the party committee representing the political subdivision of the office for which a designation or nomination is to be made, or of such other committee as the rules of the party may provide " (Election Law, § 137, subd. 4). The rules of the Democratic County Committee of the County of Queens delegate broad powers to the county executive committee, but do not render the executive committee a substitute for the meeting of the members of the party committee in the Fourth Congressional District, which is required by subdivision 4 of section 137 to give the authorization where

the candidate is not enrolled. The fact must appear from the certificate of authorization filed that the authorization was granted by or in behalf of the members of the county committee or, at least, of the executive committee, elected within the Fourth Congressional District. The certificate here merely shows that appellant's designation was authorized by the executive committee of the county, which includes several Congressional districts, and says nothing about any meeting of executive committeemen or county committeemen representing this Congressional district. The meeting was not called or held to pass upon the subject of appellant's enrollment.

The order should be affirmed.

DISSENTING MEMORANDUM: Upon this record, which conclusively establishes that all elements of the Democratic party, not only of the Congressional district involved, but of the entire County of Queens as well, have authorized and acquiesced in the designation of the appellant Rose as candidate for Congressional office, we think that the certificate filed constitutes a sufficient compliance with the spirit and purpose of subdivision 4 of section 137 of the Election Law. To hold otherwise " would be contrary to the spirit and policy of our Government and the Election Law." (See *Matter of Gresser* v. *Cohen*, 275 N. Y. 440, 445.) The orders of the Appellate Division and Special Term should be reversed, and the petition dismissed.

LEWIS, Ch. J., DESMOND, FULD and VAN VOORHIS, JJ., concur; CONWAY, DYE and FROESSEL, JJ., dissent in memorandum and vote to reverse.

Order affirmed.