Samuel M. Gold, J.
This is a motion (1) for a judgment declaring Proposition Number One for the approval of Local Law No. 51 for the year 1963 invalid and void, and (2) to enjoin respondents the City Clerk and the New York City Board of Elections from submitting Proposition Number One to the city’s voters at the general election to be held on November 5, 1963. The motion is made in a special proceeding brought by Theodore R. Kupferman, one of the members of the City Council.
Local Law No. 51 was adopted by the Council in August, 1963 and thereafter approved by the Mayor. It provides for the Mayor’s appointment of a committee, to serve without compensation (except necessary expenses incurred), to formulate “ a plan for the conduct of off-track, pari-mutuel betting within the City on horse races ” and to submit that plan to the Mayor ‘ ‘ together with a report setting forth the committee’s findings and conclusions and its recommendations, including recommendations with respect to enactment of legislation authorizing off-track, pari-mutuel betting on horse races.” The committee is authorized to make such investigations as it deems necessary for the purpose of performing its duties and it may hold public and private hearings and employ necessary assistants and fix their compensation within the amount appropriated therefor.
Subdivision f of section 1.0 of the Local Law provides that notwithstanding the provisions of subdivision c of section 124 *126 of the Charter, relating to budget modification during a fiscal year, the Mayor may, without concurrence or other action of the Board of Estimate or the Council, and without compliance by those bodies with the requirements of subdivision c of section 124 for public hearings on notice, transfer appropriations from any other city agency to the committee, or establish a new unit of appropriation within lawfully available funds, ‘ ‘ or transfer all or part of any unit of appropriation for the purpose of establishing or adding to any new unit of appropriation allocated to the committee ”.
Section 2 of the Local Law reads as follows: ‘‘ Pursuant to the provisions of the city charter and the city home rule law, this local law shall be submitted for the approval of the electors of the city at the next general election held not less than sixty days after the adoption thereof and shall become operative as prescribed therein only if and when approved at such election by the affirmative vote of a majority of the qualified voters of the city voting upon the proposition.”
Petitioner’s brief expressly disclaims any intention to attack “ the constitutionality or validity of the operational provisions of that Local Law ”; it adds: “we do not here challenge the right of the City Council to create committees or to pass resolutions or to memorialize the State Legislature on matters as to which the Council is otherwise powerless to act. Rather we address ourselves solely to the Local Law’s provisions purporting to require its submission to the City electorate for approval, and to the form of such submission.”
Petitioner contends (1) that the referendum is not in fact sought for the purpose of obtaining public approval of the provisions of the local law permitting the Mayor to disregard subdivision c of section 124 of the Charter in making appropriations to the committee, but rather for the purpose of obtaining an expression of opinion upon a local law establishing a committee to formulate a plan for the conduct of off-track betting on horse races; and (2) that the form in which Proposition Number One is to be submitted to the voters, as well as its title, is misleading and invalid.
Section 15 of the City Home Rule Law and section 39 of the City Charter both make mandatory a referendum in the case of a local law which “ [ajbolishes, transfers or curtails any power of an elected city officer” (subd. 5 of each section). Section 39 of the Charter also requires a referendum as to a local law which “ [dispenses with a provision of this charter requiring a public notice and hearing as a condition precedent to official action ”. Subdivision c of section 124 of the Charter *127 requires joint action by the Mayor, the Board of Estimate and the City Council, as well as public hearings before the board and the Council as conditions precedent to modifications of the budget during the fiscal year which involve the creation of a new unit of appropriation or the transfer of “ part or all of any unit of appropriation from one agency to another Since subdivision f of section 1.0 of Local Law No. 51 authorized the Mayor to disregard the requirements of subdivision c of section 124 by acting without the approval of the board and the Council and without the holding of public hearings, it seems clear that approval of the local law at a referendum is a statutory condition precedent to its taking effect. Petitioner, it is to be noted, does not make a contrary contention. His claim is merely that the real purpose of the local law was to obtain an expression of public opinion as to establishment of a committee to formulate a plan for the conduct of off-track betting on horse races and that the insertion in the law of the provisions relating to appropriations which require a referendum was merely an artifice to accomplish that purpose.
It is, however, well settled that the wisdom of legislation or the motives of legislators in enacting it are not properly the subjects of judicial inquiry (Lincoln Bldg. Associates v. Barr, 1 N Y 2d 413, 420; Matter of City of New York [Ely Ave.], 217 N. Y. 45, 59; Matter of Herlands v. Surpless, 258 App. Div. 275, 277, 280, affd. 282 N. Y. 647). In the last-cited case, the Appellate Division said (p. 280): “It seems clear from the authorities that the courts will not interfere with legislative action merely because of a complaint concerning its purpose, motives or efficiency.” In the Matter of City of New York (supra, p. 59) the Court of Appeals declared: “that the presumption that legislative action has been devised and adopted on adequate information and under the influence of correct motives will be applied to the discretionary action of municipal bodies and will preclude all collateral attack (McCabe v. City of New York, 213 N. Y. 468), and this rule has long been established by decisions of this court.”
It should be noted further that petitioner has failed to establish that the real purpose of the local law was to obtain an expression of public opinion as to the establishment of a committee to formulate a plan for off-track betting on horse races. It is true that the report of the Council’s committee on codification, which recommended passage of the local law, after stating that provisions dispensing with approval by the Board of Estimate and the City Council as required by section 124 of the Charter, made it accessary to submit the bill to referendum, also *128 stated that “ such referendum will constitute an expression of public opinion * * * so far as the general issue of off-track betting is concerned.” This comment, however, does not establish that the appropriation provisions were inserted in the bill solely for the purpose of obtaining an expression of public opinion on the general issue of off-track betting. Nor does it establish that the Council’s passage of the bill was motivated solely or in part by the desire to obtain such an expression of public opinion. The City Council may have deemed the provisions authorizing appropriations changes without the concurrence of the Board of Estimate and the Council and without the time-consuming hearings on notice, which would be necessary, as desirable or necessary in view of the fact that the bill contemplated that the committee’s report was to be submitted to the Mayor by February 15, 1964. The Council may have reached this conclusion without regard to the possible effect of the necessary referendum as an expression of public opinion as to off-track betting.
Petitioner’s second contention, that the form of the proposed submission and the title are misleading and invalid, is also without merit.
The proposed submission to the voters reads: 1 ‘ Shall Local Law Number 51 for the year 1963, establishing and providing for the expenses of a Committee to formulate a plan for pari-mutuel, off-track betting on horse races, entitled ‘ A Local Law to amend the administrative code of the city of New York, in relation to establishing and providing for the expenses of a committee to formulate a plan for the conduct of off-track betting on horse races,’ be approved? ”
Petitioner claims that there should have been a specific reference to the only portion of the bill which made a referendum mandatory, viz.: the waiver of the Charter’s requirements with respect to the approval of the Council and the Board of Estimate after public hearings.
The only requirement of the City Home Buie Law and of the City Charter dealing with the form of a submission on a referendum is that the submission “ shall contain the title of such local law” (City Home Buie Law, § 18; New York City Charter, § 43). There is no statutory provision that only that portion of a local law should be submitted which makes a referendum on the law necessary, nor is there any statutory provision that, in addition to the title, the proposition submitted must include a summary of that portion of the law which makes the referendum necessary. The Legislature evidently contemplated that the details of the proposition submitted would be adequately *129 dealt with in the abstract required by section 18 of the City Home Rule Law and section 43 of the Charter to be prepared and distributed to the electorate. The abstract to be circulated by the Board of Elections makes specific reference to the provisions of the local law authorizing the Mayor to disregard the requirements of section 124 of the Charter, and it expressly states that: 1 ‘ Under the present City Charter provisions,
expense budget modifications of the kind described above may be made only by the Board of Estimate and the City Council, on recommendation of the Mayor, after public hearings before such Board and the Council, of which notice must be published in the City Record.”
Nor is the title of the local law misleading and invalid as urged by petitioner. The title adequately describes the local law as one establishing and providing for the expenses of a committee to formulate a plan for pari-mutuel, off-track betting on horse races. It was not necessary that each detail of the provision made for the expenses of the committee be referred to. Otherwise, the title would have to be almost as long as the law itself.
The case of Matter of Astwood v. Cohen (291 N. Y. 484) relied on by the petitioner, is not in point. In that ease, it was held that a local law which purported to amend the Charter could not be submitted for referendum when in truth and in fact the proposed changes did not alter any of the provisions of the Charter and could validly be made without a referendum. In the case at bar, the provisions of the local law do authorize action at variance with and contrary to the provisions of the Charter, and the local law may not be validly enacted without a referendum for the reasons previously indicated. For the reasons indicated, the motion is denied.