Samuel M. Gold, J.
This is a motion by John H. Young, III, a citizen of the State and a duly enrolled voter in this city, for a temporary injunction restraining the submission to the voters on Election Day, for purposes of a referendum, of a local law authorizing the appointment of a committee to formulate a plan for the conduct of off-track, pari-mutuel betting on horse races. The action is brought by Young against the Mayor and the Board of Elections of the City of New York. The details of said local law are referred to in the memorandum filed in connection with the determination of a motion for similar relief made by one Kupferman and decided simultaneously herewith (41 Misc 2d 124).*
Young contends that the local law is void because under the State Constitution only the State Legislature may authorize pari-mutuel betting on horse races (art. I, § 9). This contention is, however, inapplicable here, for the local law does not purport to permit off-track, pari-mutuel betting on horse races. It does no more than create a committee to formulate a plan for the conduct of such betting, whose report shall include “ recommendations with respect to enactment of legislation”, authorizing such betting. The “legislation” referred to is *231 obviously legislation by the State Legislature which possesses exclusive authority under the Constitution to legislate on the subject. The obvious purpose of the local law is the formulation of a plan for off-track betting, whose provisions will commend themselves to the State Legislature and enable the city to induce said Legislature to authorize the City of New York to legalize off-track betting. No interference with the pre-emptive right of the State Legislature to authorize off-track betting is involved. The City of New York clearly has power to authorize investigations for the purpose of framing legislation (Matter of Taxpayers of Plattsburgh, 27 App. Div. 353, 366-368, revd. on other grounds 157 N. Y. 78). In that case, the expenditure of town funds for fees of attorneys hired to press enactment of a town-sponsored bill by the State Legislature was upheld as lawful. In Matter of Dairymen’s League Co-op. Assn. v. Murtagh (274 App. Div. 591, affd. 299 N. Y. 634) an investigation by the City Commissioner of Investigation of the marketing of milk in the city was held valid, notwithstanding the fact that the milk industry was regulated throughout the State by the State Department of Agriculture and Markets pursuant to State statute. In that case, the Appellate Division said (p. 594): “ one of * * * [Mayor’s duties] is recommending legislation where the subject matter calls for legislative action in order to advance the city’s interests.”
Petitioner also argues that the “local law” is not a law at all. This contention is sufficiently answered by pointing out that the “ local law”, inter alia, authorizes appropriations by the Mayor without compliance with section 124 of the charter. This may be legally accomplished only by the adoption of a local law.
The motion for injunctive relief is denied.