Fred J. Munder, J.
In this action, brought under section 51 of the General Municipal Law to declare void a resolution purporting to amend the Suffolk County Charter to increase the term of Town Supervisors from two years to four years and to enjoin the implementing of such resolution, the plaintiffs move for a temporary injunction to restrain the submission of the proposition to the electorate on a mandatory referendum under section 23 (subd. 2, par. e) of the Municipal Home Buie Law.
While the defendants realize that the granting of a temporary injunction would render the action academic they agree that an ultimate decision should now be made.
The plaintiffs’ main thrust is to the legality of the action of the County Board of Supervisors in attempting by a local law to amend the Town Law (§ 24) with respect to the term of office of the Supervisor. It is the plaintiffs ’ contention that the Supervisor is a town officer whose term is fixed by a general law and that the Board of Supervisors was without power to adopt a local law inconsistent therewith. (N. Y. Const., art. IX, § 2, subd. [c] and Municipal Home Buie Law, § 10, subd. 1, par. [ii],)
The defendants’ retort is that because Suffolk County has adopted a charter form of government, the members of its Board of Supervisors “ shall be deemed county officers ”, (Municipal *352 Home Rule Law, § 33, subd. 2). The short step from “ deeming ” them county officers to declaring them county officers is easily taken. The difficulty is that the office of Supervisor is established as an elective town office by general law and the term of office is similarly fixed. (Town Law, § 20', subd. 1, par. [a] and § 24, respectively.) While they may be deemed to be county officers while acting on the Board of Supervisors, they are chosen by their several towns respectively and are in fact town officers. (Matter of Noble, 34 App. Div. 55.)
In Suffolk County the disparity in population among the various towns is great. The Town of Shelter Island, for instance, in 1960, had a population of 1,312 as against a 172,959' population for the Town of Islip. It is obvious then that if the entire electorate of the Town of Shelter Island opposed a four-year term for its Supervisor its wishes would be overridden by little more than a simple majority of favorable votes in the Town of Islip. Stated otherwise, the four western towns of Suffolk County could dictate the length of term of the Supervisors of the six eastern towns.
Whatever else may have been intended by the Legislature in enacting Municipal Home Rule Law (§ 10, subd. 1, par. a, cl. [1]), I cannot conceive that it was intended that the County Board of Supervisors should have the authority and power to affect the terms of office of a Supervisor by its resolution subject to a countywide referendum. It would appear from the absence of any provision of the Town Law (except § 24-a, as to Erie County) that the Legislature reserved that power to itself.
It is also to be observed that the Suffolk County Charter (L. 1958, ch. 278) in relation to each elective county officer prescribes his term of office. As to Supervisors it simply says (§ 201): “ The supervisors of the several totons of the county, when laiofully convened, shall constitute the board of supervisors of the county”. (Emphasis added.) Here not the County Charter but the general Town Law is sought to be amended by local law. This is the function of the State Legislature and not of the County Legislature.
For these reasons I conclude that the motion for temporary injunction should be, and it is, granted.
The other grounds urged by the plaintiffs, relating to the sufficiency of the proposition which was to appear on the ballot, have been rendered academic by the foregoing decision. However, and while I feel that the proposition might have been made more readily clear by the addition of the words ‘ ‘ increasing that term from two to four years ”, I observe that the form of the proposition follows literally the language of section 25 of *353 the Municipal Home Buie Law and that it, with the supplying of the explanatory abstract, would have satisfied the legal requirements. Thus if I had not granted the temporary injunction I would have denied the motion in all other respects.