Chables Lambiase, J.
Petitioner brings this proceeding to require respondents to show cause “ why an order should not be made directed to the above named respondents, compelling and directing them, and each of them, to seat petitioner as the County Legislator for the 14th County Legislative District, and re-instate his name upon the roll of County Legislators, and call his name in the regular way and accord him all the rights and privileges due to him as the County Legislator for the 14th County Legislative District as of January 1, 1967, and for such other and further relief as to the Court may seem just and proper,”; and said show cause order further provides : “ that the respondents above named, their officials, officers, agents, servants and representatives, be restrained from appointing or attempting to appoint, or in any other manner attempt to seat any person other than the petitioner herein, as the County Legislator for the 14th Legislative District of the County of Monroe during the pendency of this motion,”.
Petitioner ran for the office of County Legislator from the 14th District of the Town of Irondequoit, a district entirely within the Town of Irondequoit but not constituting the entire town, and was elected on November 8,-1966 and was thus certified by the County Board of Canvassers of Monroe County and took the required oath of office on December 30, 1966. He is also and has been for the past several years Supervisor of the Town of Irondequoit, Monroe County, Neiv York, his present term expiring December 31, 1967.
*918 The Monroe County Charter was adopted pursuant to pertinent provisions of Municipal Home Buie Law by the then Monroe County Board of Supervisors on September 1, 1965 and was subsequently approved by a county-wide referendum on November 2,1965 to become effective January 1,1967, to meet changing concepts of representation in legislative bodies as enunciated by the United States Supreme Court in its one-man one-vote decisions, and establishes the County Legislature as the legislative branch of the county government in the following words:
“ Article II, Section 200. County legislature; status and title.
‘ ‘ The legislative branch of the government of Monroe county shall consist of an elective governing body which shall be known as the county legislature. Its members shall be known as county legislators, and shall be elected one from each of the districts into which Monroe County shall be divided as more particularly hereinafter set forth. The county legislature, when lawfully convened, shall take the place of the prior Monroe County Board of Supervisors, which shall be thereby abolished and superseded, and the county legislature shall constitute the legislative, appropriating, policy determining and governing body of the county.” .
Section 201 of article II sets forth the qualifications of the individual legislators as follows: ‘‘ All county legislators shall be electors of Monroe County and shall have been residents continuously in the county for at least one year preceding their election, and all county legislators shall reside in the district from which they seek election at the time of their designation convened, shall take the place of the prior Monroe County and of the district within the county which they represent for the entire term of their office. Members of the county legislature shall be nominated at the primary election held in the same manner as other county officers are nominated pursuant to the provisions of the election law.”
"When the County Legislature convened on January 3, 1967 and organized, petitioner’s name was on the roll of the County Legislature and was called on the roll call, and he voted for the election of its Chairman and of its Clerk. Thereafter petitioner’s right to hold the office of County Legislator was challenged in the following words: “It is quite clear that the Section 411 of the County Law prohibits the holding of another elected office. I have no alternative but to ask that Mr. Knauf is ineligible to hold the office of County Legislator, and ask the striking of his name from the roll call and the striking of his *919 vote from the preceding elections.” (Transcript of.Meeting held Jan. 3,1967.)
Whereupon the Chairman stated: 11 The chair makes the following rule. I regret the necessity of this action but the statute is clear. I hereby rule that Mr. Knauf of the Town of Irondequoit is ineligible to hold the office of Legislator and I direct the Clerk to strike his name from the roll call and his vote from the preceeding elections.” (Transcript of Meeting held Jan. 3, 1967.) Since that time petitioner has taken no part in the proceedings of the County Legislature; and he thereafter brought on this proceeding to be reinstated.
The question posed by the foregoing factual situation seems to us to be: Is petitioner, a Town Supervisor, eligible to hold the office of County Legislator, representing the 14th District described hereinbefore, at the same time that he serves as such Supervisor?
The specific prohibitory statute alleged and cited by respondents as fatal to petitioner taking his seat as a County Legislator and member of the County Legislature is section 411 of the County Law which now reads and at all times herein mentioned read as follows: “No county judge, family court judge, surrogate, district atorney, sheriff, county clerk or any elective county officer shall be eligible to hold at the same time any other elective county or town office, or that of city supervisor.” (As amd. by L. 1951, ch. 753; L. 1962, ch. 689, § 10, eff. Sept. 1,1962.)
The office of Town Supervisor is established as an elective town office by general law. (Town Law, § 20, subd. 1, par. [a].) Although the Board of Supervisors was a county organization, its members were not elected by the body of electors of the county, but were chosen by the electors of the several towns respectively, and individually they were classed as town officers. (Matter of Noble, 34 App. Div. 55.) A member of the former County Board of Supervisors of Monroe County was not elected as such, but held office as such member and performed his duties of the office under general law (County Law, § 150) and by force of his election as Supervisor of a city ward or of a town. (People ex rel. Clancy v. Board of Supervisors, 139 N. Y. 524, 527; Lane v. Johnson, 283 N. Y. 244, 260.)
Section 150 County Law now provides and at all times herein mentioned provided as follows: “ The supervisors of the several cities and towns in each county, when lawfully convened, shall constitute the board of supervisors of the county.” Thus the county Board of Supervisors was not the county, but a body of town and city Supervisors acting for and on behalf of the county in such matters as were turned over to them by *920 law. (Cort v. Smith, 249 App. Div. 1, affd. 273 N. Y. 481.) Having determined that a Supervisor is an elective office, we discuss now the other phase of the question, viz., is the office of County Legislator an elective county office? We think that it is and that the holder thereof is a county officer. ■
A County Legislator when elected to the County Legislature is elected to a county office by virtue of the charter provisions hereinbefore set forth; whereas, as hereinbefore discussed, the erstwhile Board of Supervisors was composed of town and city Supervisors, respectively, and by virtue of said office constituted it under general law (County Law, § 150). There can be no doubt that the office of County Legislator is an elective county office, and that a person elected thereto becomes an elective county officer.
Having arrived, at the conclusion that petitioner is simultaneously a County Legislator, an elective county office, and a Town Supervisor, an elective town office, section 411 County Law explicitly makes him ineligible to hold the latter office at the same time that he holds the former. A statute such as section 411 of the County Law relating to the eligibility and qualification of public officers should never be construed as to promote a public mischief or to render the action of the voters at the election abortive. It should be given such a construction as to enable the electors to act intelligently and to accomplish the purpose that they have in view, and to accomplish the object for which the election was held without any legal obstruction to prevent their will from becoming effective. Therefore, petitioner having come within the proscriptive provisions of said statute may not at his will or option refuse or fail to resign his disqualifying office, to wit: that of Supervisor of the Town of Irondequoit, and thus render the action of the voters (his election to the. office of County Legislator) nugatory. (See Matter of Burns v. Wiltse, 303 N. Y. 319.) “ To hold otherwise militates against a fundamental principle attendant upon the exercise of the election franchise, namely, the right of every citizen to vote ‘ for all officers that now are or hereafter may be elective by the people (N. Y. Const., art. II. § 1; emphasis supplied.) ” (Matter of Burns v. Wiltse, supra, p. 325.)
Though the foregoing is not stated in section 411 aforesaid or in section 201 of the charter entitled 11 qualifications ”, we are convinced that such is the spirit and intent of such qualifying provisions of said statutes when read together. Lastly, within the construction, at which we have arrived, of section 411 of the County Law herein, we are satisfied that when petitioner was elected and qualified by taking and filing his oath of *921 office as County Legislator, he accepted said county office to take effect January 1,1967, and did thereby announce his renunciation of the office of Town Supervisor of the Town of Irondequoit, and he is and has as of January 1,1967 qualified as County Legislator to represent the aforesaid 14th County Legislative District.
Accordingly, let judgment be entered herein reinstating petitioner as County Legislator for the 14th County Legislative District, reinstating his name upon the roll of County Legislators, and calling his name in the regular way and according him all the rights and privileges due to him as the County Legislator for the 14th County Legislative District as of January 1, 1967; and declaring that he may not, however, at the same time represent said Town of Irondequoit as Supervisor thereof, and that he has by qualifying as such County Legislator renounced the office of Supervisor of the Town of Irondequoit, Monroe County, New York.