Lawrence H. Cooke, J.
Respondents, the members of the Board of Elections of Albany County, unanimously ruled on September 14, 1967 that they could not accept a certain certificate of nomination received by them on September 12, 1967 and' apparently mailed the day before. The certificate stated, in substance and among other things, that at a meeting held on September 11, 1967 the executive committee of the county committee of the Conservative party of the State of New York for the County of Albany nominated 12 named persons for the position of County Legislator in 12 respective County Legislative Districts and 43 different persons for various town offices in 8 different towns in Albany County, as therein stated, all to be filled at the general election to be held on November 7, 1967.
This proceeding was instituted by means of a notice of motion and a petition dated and verified on September 19, 1967, returnable at a Special Term in Albany County on October 13, 1967. Petitioners pray for an order declaring that the said certificate of nomination is ‘ ‘ sufficient, valid and legal ’ ’ and that respondents be directed to accept same for filing nunc pro tunc.
The respondent members of the Board of Elections were correct in their ruling relative to the nominations for the positions of County Legislator. The office of County Legislator is an elective county office (Resolution No. 110 of Albany County Board of Supervisors adopted 8/8/66; Matter of Knauf v. County Legislature of County of Monroe, 53 Misc 2d 917, 920, *1047 affd. 27 A D' 2d 440, 441) and party nominations of candidates for same to be filled at the general election shall be made at the preceding Fall primary (Election Law, § 131, snbd. 8). As to those named for the County Legislator posts, this legal requirement was not followed here. Petitioners point to section 133 of the Election Law, entitled “ First nominations by a new party ’ ’, urging that these nominations for said legislator posts may be made in such manner as the rules of the party provide. Said section is not applicable here because the general election of 1967 is not the first after the Conservative party became a party at a general election. The term “party” as used in section 133 means any political organization which at the last preceding election for Governor polled at least 50,000 votes for Governor (Election Law, § 2, subd. 4), and the Conservative party became such a party as a result of the gubernatorial election in 1962 (N. Y. Legis. Manual, 1963-1964, pp. 1139-1141).
Excepting certain specified situations not applicable here, it is provided in subdivision 5 of section 131 of the Election Law that party nominations of candidates for town offices in any county shall be made in the manner prescribed by the rules of the county committee. Article V of the rules of the Albany County committee of the Conservative party, entitled “ Nominations for Public Office ’ ’, provides: 1 ‘ Conservative Party nominations of candidates for .public office required to be made pursuant to the rules of this County Committee shall be made at a meeting of the County Committee, provided, however, that any such nomination may be made at a meeting of the Executive Committee, subject to the approval of the County Committee, and shall be valid if the County Committee does not nominate another candidate, or revoke the nomination of the Executive Committee, prior to the time fixed by the Election Law for filing a certificate of" nomination for the office in question.” The language employed is, in part, rather ambiguous, due chiefly to the inclusion of the words:11 subject to the approval of the County Committee.” “ Subject to ” has been defined in one case as being the equivalent of 11 conditional upon or depending on” (cf. Berk & Co. v. Derecktor, 301 N. Y. 110, 113). However, by one reading it is stated that “ any such nomination may be made at a meeting of the Executive Committee * * * and shall be valid if the County Committee does not nominate another candidate, or revoke the nomination of the Executive Committee, prior to the time fixed by the Election Luav for filing a certificate of nomination for the office in question.” Harmonizing these latter words Avith the clause reading “ subject to the approval of the County Committee ”, *1048 it is clear that the rule • intends that a nomination made at a meeting of the executive committee shall be valid and deemed to have the approval of the county committee if the county committee does not nominate another candidate or revoke the nomination of the executive committee prior to the time set forth. This interpretation is fortified by the provision in the rules that: ‘1 At all times when the County Committee is not actually in session, the Executive Committee shall have, possess and exercise all the rights, privileges, powers and duties which the County Committee may have, possess and exercise. ’ ’
It is urged that laches on the part of petitioners preclude relief. Bule 2.02, entitled “ Election Proceedings ”, of the Buies for Trial and Special Terms of Supreme 'Court, as adopted by the Appellate Division of the Third Department, provides: “All trial terms shall have trial and special term jurisdiction in election proceedings. Each such proceeding shall, as far as practicable, be brought on at a trial or special term in the county in which commenced.” In Albany County there was a Trial Term of Supreme Court in September, as well as thus far in October, presided over by various Justices. There was also conducted in said county a regularly scheduled Special Term of Supreme Court on September 22, 1967. An application could have been made also pursuant to an order to show cause granted by a Justice before that Justice out of court (CPLB 2212, subd. [a]) and there are five resident Trial Justices of the Supreme Court in Albany County. An application could have been made to the County Judge of Albany County (Election Law, § 330).
On argument, the County Attorney stated that ballots have been printed and were in the process-of being mailed to absentee voters and persons in the armed forces, which facts were not questioned. The delay in bringing this proceeding has not been explained, does not appear to be justified and is harmful. There were 23 days between the date of the petition and the return day. Inexcusably delayed proceedings in election matters coming to judicial determination close to the eve of the polling are especially not to be encouraged (cf. Matter of Kupferman v. Katz, 41 Misc 2d 124, affd. 19 A D 2d 824, affd. 13 N Y 2d 932; Matter of Young v. Wagner, 13 N Y 2d 934; Abrahams, New York Election Law, 1964 Cum. Supp., p. 172; 29 C. J. S., Elections, § 260).
On balance, however, with petitioners ’ laches on the one side, with its consequent disruption, and the possible disenfranchisement of a political party in eight towns on the other (cf. Connolly v. Cohen, 26 N. Y. S. 2d 440, 446), but in view of the time limita *1049 tion set forth in subdivision 2 of section 330 of the Election Law, the liberal policy of the law in regard to matters such as this and the statutory directive to make such order as justice may require (Election Law, § 330; 18 N. Y. Jur., Elections, §§ 180, 236, 470), that part of the petition seeking relief regarding nominations set forth in the certificate in question for the positions of 'County Legislator is denied, respondents are directed to reeeiv.e for filing the certificate insofar as it relates to nominations other than for County Legislator, respondents to forthwith mail notice of the filing of the certificate of nomination as ordered to the persons nominated for all offices therein other than for County Legislator with a statement of the last day to decline such nomination (see Election Law, § 144), such persons nominated for all offices therein other than for County Legislator to have the right to decline or accept such nomination within three days after the mailing of said notice (see Election Law, § 139) but there shall be no filling of vacancies in said nominations. Petitioners’ oral application for a stay made at the time of argument is denied. Submit order accordingly, promptly. (The reasons for the provision herein regarding vacancies are the laches of petitioners, the short time remaining before Election Day and so as to reduce any disenfranchisement of absentee and armed forces voters as much as possible. As we approach Election Day, the consequences of the laches become more serious).