Joseph Life, J.
Upon the foregoing papers it is ordered that this application to declare invalid the purported designation of a candidate for the Republican party’s nomination for Member of Congress in the Fifth Congressional District is granted. The certificate of authorization is made by the presiding officer and secretary of the Nassau County Committee of the Republican party and it purports to authorize the designation of Mason L. Hampton, Jr., Esq. as the candidate of that party for the office of a Member of Congress in the Fifth Congressional District. The purpose of subdivision 4 of section 137 of the Election Law was to confer upon a committee within the political subdivision the right to authorize the designation of a person not enrolled in the party as the candidate of the party for the nomination. The county committee is not a substitute for such a committee (Matter of Dent v. Power, 307 N. Y. 826).
It may be noted that a meeting of the county committee, executive committee or policy committee of a political party might be duly convened without the presence of any one person representing the particular political subdivision. A copy of the Rules and Regulations of the Nassau County Republican Committee which was submitted with the papers discloses that a third of the members of the committee constitute a quorum (art. Ill, § 4) and a copy of the minutes of the meeting which was labeled a “ Designating Convention ” reveals that a quorum was present. Thus the “authorization” fails to meet the requirements of subdivision 4 of section 137 and the petition must be declared invalid.