Joseph Life, J.
This application to declare the designating petitions invalid as not having been properly authorized is granted.
*1043 Before a political party may designate an individual not enrolled as a member of that party as its candidate for a public office, the procedure set forth in subdivision 4 of section 137 of the Election Law must be adopted. Here the designation of Leo F. McGinity, Esq. as the candidate of the Conservative party for the office of Member of the Assembly in the Thirteenth Assembly District was made by the executive committee of the Nassau County Conservative party. The certificate of authorization required by subdivision 4 of section 137 fails to reveal “ that the authorization was granted by or in behalf of the members of the county committee or, at least, of the executive committee, elected within ” the Thirteenth Assembly District (Matter of Dent v. Power 307 N. Y. 826, 828). Licitra v. Power (10 A D 2d 996, 997, affd. 8 N Y 2d 871) does not appear to be to the contrary for in that case the court limited the objections to those which were made at Special Term.
Upon the argument an issue was raised as to the circumstance that signatures to the designating petitions may have been obtained prior to• the authorization. In view of the court’s decision that the attempted designation must be invalidated, the court merely notes in passing that there seems to be no limitation as to when an authorization must be given (Matter of Andrews v. Heffernan, 189 Misc. 274, affd. 272 App. Div. 962). The provisions of subdivision 4 of section 137 of the Election Law merely provide a limitation as to when the authorization must be filed. It may be that a party may authorize the designation of any number of persons not of its own political faith and thus authorization could be given in advance of, or after the circulation qf petitions.