Memorandum.
Subdivision 4 of section 137 of the Election Law provides that the designation of nonenrolled party candidates must be authorized by “ a meeting of the members of the party committee representing the political subdivision of the office for which a designation or nomination is to be made, or of such other committee as the rules of the party may provide ” (emphasis added).
Section 2 of article VII of the rules and regulations of the Nassau County Committee of the Conservative party provides: “ Authorization—Except to the extent otherwise provided by law with respect to certain offices to be filled by all the voters of the City of New York, the County Executive Committee is empowered to authorize the designation, nomination or substitution of a person as a candidate for any office to be voted on withm Nassau County who is not enrolled as a member of the Conservative Party ” (emphasis added).
It is clear from a reading of the foregoing provisions that the Nassau County Executive Committee of the Conservative party had the power to designate the candidates herein (cf. Matter of Wessendorf v. Donohue, 54 Misc 2d 1045, affd. 28 A D 2d 1095, affd. 20 N Y 2d 838).
*318 Within the context of this case it is our opinion that Matter of Dent v. Power (307 N. Y. 826) is not controlling.
Accordingly, the orders appealed from should be reversed and the petitions dismissed.
Chief Judge Fuld and Judges Scileppi, Bbbgan, Keating, Bbeitel, Jasen and Kobe man* concur.
In each case: Order reversed, without costs, and the designating petition reinstated.

 Designated pursuant to section 2 of article VI of the State Constitution in place of Burke, J., disqualified.