Memorandum.
Appellant Hampton, a Conservative, was designated by the Republican County Committee of Nassau County as a candidate for the Republican nomination for Member of Congress from the Fifth Congressional District. The Fifth Congressional District constitutes a part of Nassau County. Petitioner-respondent instituted this proceeding to invalidate the designation of appellant Hampton on the ground that he was not designated in conformity with subdivision 4 of section 137 of the Election Law. Subdivision 4 of section 137 provides that the designation of nonenroiled party candidates must be authorized by “ a meeting of the members of the party committee representing the political subdivision of the office for which a designation or nomination is to be made, or of such other committee as the rules of the party may provide ”.
Special Term, relying on Matter of Dent v. Power (307 N. Y. 826), invalidated the designation declaring “ The purpose of subdivision 4 of section 137 of the Election Law was to confer upon a committee within the political subdivision the right to authorize the designation of a person not enrolled in the party as the candidate of the party for the nomination. The county committee is not a substitute for such a committee ” (56 Misc 2d 891; emphasis supplied).
The Appellate Division, also relying on Matter of Dent v. Power (supra), affirmed.
*320 In our view, the lower courts’ interpretation of subdivision 4 of section 137 is far too restrictive. There is no requirement, in the absence of a specific provision to the contrary in the by-laws of the party, that the designating committee which nominates a candidate for a position within a political subdivision be within the subdivision. The statute merely requires that the designating committée represents the political subdivision. No one can question the fact that the Nassau County Republican Committee represents the Republican party within the Fifth Congressional District. Moreover, the Nassau County Republican Committee unquestionably had the authority under subdivision 4 of section 137 to delegate the power of designation to a lesser committee such as an executive committee within the Fifth Congressional District. Having chosen not to so delegate its authority, the Nassau County Republican Committee unquestionably retained unto itself the power to designate candidates within the Fifth Congressional District (see Matter of Licitra v. Power, 10 A D 2d 996, affd. 8 N Y 2d 871, and Rules of Nassau County Republican Committee, art. III, § 6).
Matter of Dent v. Power (307 N. Y. 826, supra) is not controlling. In Bent we did not hold that the Queens County Democratic Committee, which had the inherent authority under subdivision 4 of section 137 of the Election Law to designate candidates for any political subdivision within its jurisdiction, could not have designated a candidate for the Fourth Congressional District.
Accordingly, for the foregoing reasons, the order appealed from should be reversed and the petition dismissed.
Chief Judge Ftjld and Judges Sciubppi, Bergan, Keating, Bkbitel, Jasen and Koreman* concur.
Order reversed, without costs, and the petition dismissed.

Designated pursuant to section 2 of article VI of the State Constitution in place of Burke, J., disqualified.