Raymond F. **ANDERSON**, Plaintiff,

v.

William D. **MEISSER** and Marvin D. Cristenfeld, being the Commissioners of Election of the County of Nassau, Leo F. McGinity, Candidate for the public office of Member of the Assembly, 13th Assembly District, Nassau County, James M. Marrin, Sally A. Montano and Austin W. Verity, Jr., named as Committee to fill vacancies, Nelson Rockefeller, as Governor of the State of New York, and Louis J. Lefkowitz, as Attorney General of the State of New York, Defendants.

**No. 68 C 606.**

United States District Court
E. D. New York.

June 15, 1968.

Spencer Steele, Laurelton, N. Y., for plaintiff.

Edward Yamin, Freeport, amicus curiae for George Miller and Thomas Brennan (Plaintiffs in related cases [in state courts]).

George Zuckerman, and Nathan Canter, New York City, for Louis J. Lef-

kowitz, Atty. Gen. of State of New York.

George Delaney, Mineola, N. Y., of counsel to Morris Schneider, Nassau County Atty., for William D. Meisser and Marvin D. Cristenfeld, Commissioners of Election of County of Nassau.

## MEMORANDUM AND ORDER

WEINSTEIN, District Judge.

Plaintiff, a member of the Conservative Party, brings this action to invalidate the authorization of the executive Committee of the Conservative Party in the County of Nassau, permitting a Republican, Leo F. McGinity, to file designating petitions in the June 18, 1968, Conservative Party Primary and to enjoin the Commissioners of Elections of the County of Nassau from certifying anyone other than plaintiff as the designee of the Conservative Party for the office of Assemblyman, 13th Assembly District, Nassau County. The complaint was filed on June 14th, 1968. Plaintiff sought an order to show cause with a stay on the same date.

On the Court's instructions, defendants were orally notified of a hearing to be held on June 15th, 1968. At this hearing, the plaintiff, and the defendants, Commissioners of Election of the County of Nassau and the Attorney General of the State of New York, were represented. Upon the argument, defendants, at the Court's suggestion, moved to dismiss the complaint. For the reasons stated below, the motion to dismiss is granted.

The New York Court of Appeals, on June 13th, 1968, decided that the procedures used to permit Leo F. McGinity to run in the Conservative Party Primary were proper and in accord with subdivision 4 of section 137 of the New York Election Law, McKinney's Consol.Laws c. 17. In three related cases, Miller v. Meisser et al., 22 N.Y.2d 318, 292 N.Y. S.2d 656, 239 N.E.2d 532 (1968); Wager v. Meisser et al., 22 N.Y.2d 316, 292 N.Y.S.2d 654, 239 N.E.2d 531 (1968); and Anderson v. Meisser et al., 22 N.Y. 2d 316, 292 N.Y.S.2d 654, 239 N.E.2d 531 (1968), the highest New York Court held that the executive committee of a party's county committee could permit a member of another party to run in the primary in one of the subdivisions of the county. The question of statutory interpretation discussed in these opinions obviously raises no federal question.

Plaintiff urges that it is a violation of the right of "one-man, one-vote" of persons in one of a number of districts within a county to permit a county-wide committee to determine who can run for office in the district. In the circumstances of this case, the position of plaintiff is anomolous since, if he is successful in this motion, he will be the only candidate and under New York practice there will be no primary election. ˉ dicating the candidate's theory of democratic free choice would negate the voters' practical power to choose. Primary contests are an integral and vital part of New York's procedures for selecting public officials, CF. Thompson v. Evening Star Newspaper Co., 394 F.2d 774, 776 (D.C.Cir. 1968). The standards of the equal protection clause apply to party primary as well as to general elections. See, e. g. Terry v. Adams, 345 U.S. 461, 73 S.Ct. 809, 97 L. Ed. 1152 (1953); cf. Reynolds v. Sims, 377 U.S. 533, 555, 84 S.Ct. 1362, 12 L.Ed. 2d 506 (1964).

We need not now decide whether greater leeway in departing from equivalence of voting power is permitted in party contests, for the Supreme Court has refused to expand the rule of Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964) to outlaw the subtle attenuation of equality involved in cases such as this. See, e.g., Dusch v. Davis, 387 U.S. 112, 87 S.Ct. 1554, 18 L.Ed.2d 656 (1967) (voters from entire city elected candidates required to live in districts of unequal population); Fortson v. Dorsey, 379 U. S. 433, 85 S.Ct. 498, 13 L.Ed.2d 401 (1965) (multi-member and single member districts). While members of a party living outside the voting district are granted some control over candidates

within the district, party members within the district exercise power in districts other than their own. Thus the loss of a single party member's influence in his district by diffusion of power over the larger area of a county is at least partly offset by the increased sway he gains in other districts. The constitution does not require that these gains and losses offset each other with the mathematical nicety of an accountant's balance sheet. But cf. Banzhaf III, Multimember Electoral Districts—Do They Violate the "One Man, One Vote" Principle, 75 Yale L.J.1309 (1966). The federal question raised by plaintiff is frivolous.

■ Even were the federal constitutional issue substantial, res judicata would require dismissal. Angel v. Bullington, 330 U.S. 183, 190–191, 67 S.Ct. 657, 91 L.Ed. 832 (1947); Alleghany Corporation v. Kirby, 340 F.2d 311, 312 n. 1 (2d Cir.1965). The question now raised either was argued before the New York Court of Appeals or it might have been argued in that Court. Even now, the plaintiff may move to reargue in the New York Court of Appeals or move to amend that Court's remittitur to show that a federal constitutional question was involved. Relief can then be sought directly from the United States Supreme Court. Election matters of this kind are usually decided under the greatest time pressure. The instant application required a hearing on a Saturday morning, three days before the election, in order to give the parties time to appeal to the Court of Appeals for this circuit.

It is undesirable to encourage collateral attacks in the federal district courts. No public policy warrants amelioration of the doctrine of res judicata in this primary election case. Cf. Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 599, 68 S.Ct. 715, 92 L.Ed. 898 (1948).

■ Plaintiff explicitly states that it is not challenging New York's election laws, but only the application of such laws to the facts of this case. A three judge court is not appropriate. See Board of Supervisors of Suffolk County, New York, v. Bianchi, Jr., 387 U.S. 97, 87 S.Ct. 1544, 18 L.Ed.2d 643 (1968). This Court, acting through a single judge, has power to decide this litigation.

Accordingly, plaintiff's motion is denied. Defendants' motion to dismiss is granted without costs or disbursements.

So ordered.