HON. JOSEPH R. ZIBELLI Counsel to the Board of Education, Mount Vernon
This is in response to your letter wherein you ask for an opinion of the Attorney General whether or not the Trustee of the Board of Education of the City School District of the City of Mount Vernon, which City has a population of less than 125,000 inhabitants, becomes ineligible to retain and forfeits his elective position as Trustee in the event he accepts an appointive position as a member of the Civil Service Commission of the City of Mount Vernon. You have pointed out that the Trustees of the Board of Education of the City School District of the City of Mount Vernon are elected for five-year terms and that the boundaries of the City of Mount Vernon and that the School District is fiscally independent from the City of Mount Vernon and that a number of the School District employees are Civil Service employees.
Education Law, Article 51, governs city school districts of cities with less than 125,000 inhabitants. Section 2502(7), contained therein, provides, in part:
 "7. No person shall be eligible to the office of member of the board of education who is not a qualified voter of the city school district and who has not been a resident of such district for at least three years immediately preceding the date of his election; provided, however, that no person shall hold at the same time the office of member of the board of education and any city office other than as a policeman or fireman * * *." (Emphasis supplied.)
Civil Service Law, § 2(4), includes a city civil service commission in its definition of "Municipal Commission." In Caparco v. Kaplan,
20A.D.2d 212 (4th Dept., 1964), it was stated:
 "The Municipal Commission is not a mere appendage to the state system but is an integral and yet independent facility * * * as to local problems." (Emphasis supplied.)
Civil Service Law, § 15(1) (a), provides authorization for the creation of a city civil service commission; section 17(2), prescribes its jurisdiction to consist of administering the provisions of the Civil Service Law with respect to the offices and employments in the classified service of the city, including the city school districts of such city; and section 17(4), empowers such commission at its own expense to conduct examinations and establish eligible lists for positions in its jurisdiction.
A member of the Civil Service Commission of the City of Mount Vernon is a city officer of the City of Mount Vernon since his duties involve the exercise of a portion of the sovereign powers in the City of Mount Vernon. (See, Dawson v. Knox, 231 App. Div. 490, 492 [3d Dept., 1931], affd. 267 N.Y. 565; also see, Public Officers Law, § 2.)
In Matter of Harold L. Knauf v. County Legislature of the County ofMonroe, 53 Misc.2d 917 (Supreme Court, Monroe County, 1967), app. dsmd.28 A.D.2d 643, the Court referred to County Law, § 411, which provides, in part:
 "No * * * elective county officer shall be eligible to hold at the same time any other elective county or town office * * *."
In interpreting this statute, the Court stated that an elective county legislator, by qualifying as such county legislator, renounced the office of supervisor of the town.
From all of the foregoing, we conclude that the Trustee of the Board of Education of the City School District of the City of Mount Vernon, having a population of less than 125,000 inhabitants, becomes ineligible and does forfeit his elective position as Trustee in the event he accepts an appointive position as a member of the Civil Service Commission of the City of Mount Vernon.