Jerome A. Mirabito, Esq. City Attorney, Fulton
You request our opinion whether the City of Fulton must have a referendum to change the representation areas of Oswego County Legislators selected from within the City of Fulton to sit upon the Oswego County Legislature.
The Fulton City Charter was a Special Act of the Legislature. Section 8 was amended by Chapter 429 of the Laws of 1951 to read as follows:
"§ 8. Supervisors.
 "The said city shall be entitled to have six supervisors; one to be elected by each ward of the city. The said supervisors shall be elected at the general election on the first Tuesday following the first Monday in November nineteen hundred and fifty-one and in each odd-numbered year following their election. The said supervisors shall have the same powers and duties as the supervisors in the towns of the county of Oswego, except as otherwise provided by this act, and shall be members of the board of supervisors of the county of Oswego. The supervisors shall receive the same compensation allowed by law, in the same manner, as other supervisors of towns."
Oswego County, a non-charter county, by Local Law Number 1 for the year 1971, created the Oswego County Legislature to replace its Board of Supervisors and established several offices of County Legislator to be selected from specified areas of the county. One was to be elected in each of the six wards in the City of Fulton. (Local Law Number 2 for the year 1971 modified Local Law Number 1, but the modification is not relevant here.)
For the following reasons the City of Fulton cannot change the representation areas of Oswego County Legislators selected from within the city to sit upon the Oswego County Legislature, hence the referendum question does not arise.
Oswego County had the power under the 1969 amendments to Municipal Home Rule Law § 10 to pass its Local Law Number 1 for the year 1971. The law created new county offices, provided the area from which each was to be elected, and prescribed the official duties of the office. In doing this, the county removed from supervisors their county duties but did not abolish the office of town or city supervisor. The office of city supervisor from each ward in the City of Fulton still exists even though the supervisors' function on the County level has been eliminated. The county cannot abolish the city office and the city cannot determine the area from which the county officers are elected. (A good example of the balancing of home rule powers between municipalities is found in Klan vCounty of Suffolk, 44 Misc.2d 351 [Sup Ct, Suffolk Co, 1964], affd22 A.D.2d 708 [2d Dept, 1964]). We do not consider whether, under the city charter, supervisors have any city functions.