(April 14, 1982)

■ In the Matter of PATRICK G. HALPIN et al., Respondents, v FRANK COVENEY et al., Respondents, and WILLIAM J. CANARY, JR., Appellant. (And a Second Proceeding.) — In proceedings to (1) invalidate the nominating certificate designating William J. Canary, Jr., as a candidate of the Conservative Party for the public office of member of the State Assembly for the 9th Assembly District in a special election to be held on April 20, 1982 and (2) validate said nominating certificate, Canary appeals from a judgment of the Supreme Court, Suffolk County (Seidell, J.), dated April 7, 1982, which, *inter alia,* granted the application to invalidate and denied the application to validate. Judgment reversed, on the law, without costs or disbursements, application to validate the nominating certificate of William J. Canary, Jr., is granted, application to invalidate said nominating certificate is denied and the board of elections is directed to place the name of William J. Canary, Jr., on the appropriate ballot. Leave to appeal to the Court of Appeals is hereby granted. The Suffolk County Conservative Party's rules empower the county executive committee "to authorize the * * * nomination * * * of a person as a candidate for any office to be voted for solely within Suffolk County who is not enrolled as a member of the Conservative Party, except in the case of Town election the Town Executive Committee shall have the sole authority to so act". We construe this provision to permit the town executive committee, in this case, the Town of Babylon, to authorize the nomination for any elective office falling wholly within the confines of the town. Indeed the governing rules for the Town of Babylon Conservative Party empowers its own executive committee "to authorize the * * * nomination * * * of a person as a candidate for any office to be voted for solely within the Town of Babylon who is not enrolled as a member of the Conservative Party". A reasonable construction of the provisions in issue compels us to conclude that the executive committee of the town was vested with the authority under party rules to approve the present nomination for an office that wholly falls within the Town of Babylon. (*Matter of Anderson v Meisser,* 22 NY2d 316.) Gibbons, J. P., Thompson, Rubin and Boyers, JJ., concur.