### AUTOKEFALOS ORTHODOX SPIRITUAL CHURCH OF SAINT GEORGE, THE TROPEOPHOROS, v. HALLAHAN et al.

United States District Court
S. D. New York.
March 6, 1952.

J. Carlisle Swaim, New York City, for plaintiff.

Harry Zimmerman, Corp. Counsel of City of Mount Vernon, N. Y., for defendants.

McGOHEY, District Judge.

The defendants move to dismiss the complaint on various grounds, and, for the reasons hereafter set forth, the motion is granted.

**390**

The plaintiff is a New York religious corporation which owns real property in Mount Vernon, N. Y. The defendants are the City of Mount Vernon and various of its officials including those who constitute its Board of Review.

The complaint which is somewhat prolix in substance alleges that the plaintiff has been unfairly and unlawfully denied the exemption from taxes granted by law to property owned by such a corporation and used exclusively for religious purposes, N. Y. Tax Law, McK.Consol.Laws, c. 60, § 4, subd. 6; that its petition to review the tax assessment was unfairly heard and wrongly decided by former Justice Taylor, the official referee, who sustained the assessment; that the Appellate Division having affirmed without opinion the referee's decision the Court of Appeals denied plaintiff's motion for leave to appeal; all in violation of Art. XVI of the Constitution of New York and the 5th and 14th Amendments of the Constitution of the United States.

The relief sought is a judgment,

A. For an order declaring plaintiff to be entitled as a matter of law, to exemption from taxation under the Tax Law of the State of New York, as in such case made and provided.

B. That the tax heretofore imposed and entered on the assessment roll for the years 1943–1947, and thereafter for each successive year, on the real property of the plaintiff by the defendants herein, be declared burdensome, illegal and unenforcible, as violative of its constitutional rights, and otherwise declared a cloud on the title of plaintiff's property, and removed.

C. For such other and further order and relief as to the Court may seem just and equitable in the premises.

D. Besides the costs and disbursements of the action.

■ This action seems clearly to be barred by § 1341 of Title 28 U.S.C.A. New York provides in its courts "a plain, speedy and efficient remedy" to the plaintiff. And as the complaint shows, the plaintiff has availed itself of that remedy and lost.

■ Moreover, the decision of the New York Courts is res judicata here. Every issue tendered by this complaint was or could have been litigated in the State action.

The plaintiff did not seek review in the U. S. Supreme Court and cannot have it in this action.

The motion to dismiss is granted.

Settle order.