(No. 35609.—                    )

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
WILLIAM J. WRAGE, Trustee, *et al.,* Appellants.

*Opinion filed September 29, 1960.*

SCHAEFER, C.J., took no part.

MELVIN M. LANDAU, PAUL GENDEL, and DANIEL PANTER, all of Chicago, for appellants.

BRUNO M. STANCZAK, State's Attorney, of Waukegan, (ROBERT McCLORY, and DONALD M. LONCHAR, JR., of counsel,) for appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:

The State's Attorney of Lake County filed suit in the circuit court to foreclose general tax liens on a number of vacant lots in the village of Lake Bluff. Service was had upon the several owners, they were defaulted and a decree of foreclosure was entered. Bids of less than the full amount of taxes, penalties and interest were made by individuals for various lots, whereupon the county of Lake purchased the lots on its noncash bid of the full amount due. The defendant trustee filed objections to the report of sale and requests for admission of alleged relevant facts. Three separate intervening petitions were also filed, two by taxpayers and the third by a prior tax purchaser. This appeal is from orders approving the sale and overruling objections thereto, dismissing the intervening petitions, and denying some of the requests for admission.

The bid of Lake County was made pursuant to section 216d of the Revenue Act of 1939 (Ill. Rev. Stat. 1959, chap. 120, par. 697d.) It authorizes a county in its discretion to purchase, as trustee, at tax foreclosure sales, to apply unpaid

taxes due on the bid, and upon sale or assignment of a certificate of purchase, to distribute the proceeds to the several taxing districts in proportion to their respective interests. The defendant trustee and intervenors, all appellants herein, assert section 216d is unconstitutional, and if constitutional, that it was here unlawfully applied and its provisions not followed.

While the motions to dismiss the intervening petitions deny that intervenors have a legal right to appear in the cause, plaintiff does not pursue that argument in its brief nor does the court indicate that its order is predicated upon lack of interest as ground for dismissal of the intervening petitions. We presume that the court entered the dismissal order on the ground that there was compliance with the statute and that the statute was constitutional. We are of the opinion that the intervenors, as taxpayers, had the right to intervene, and the owner had the right to file objections.

Complaint is made that no proof was offered that the bidder was authorized to bid on behalf of the county. The report of sale specifically states that the bidding member of the county board was duly appointed to attend and bid in accordance with section 216d. The defendant trustee, in his objections, and the intervenors, in their petitions, each recognized that the bid was made for the county of Lake as trustee. No issue was presented and formal proof of authority of the bidder was unnecessary.

Appellants concede that general taxes and special assessments generally may be foreclosed separately, but contend that section 216d makes it mandatory that they be foreclosed together. Section 216 prescribes the method of initiating and conducting tax foreclosure sales. Section 216d prescribes for bidding by the county after the foreclosure has been instituted. The two sections have separate and distinct functions, and the general rule allowing separate foreclosures is not modified by section 216d.

The county is criticized for bidding the full amount of taxes, interest and costs. This seems to be based on the theory that if any cash bid is made, regardless of amount, the county cannot make a higher noncash bid. It is stated that on the authority of *People* v. *Anderson,* 380 Ill. 158, the highest cash bid is presumed to be the entire value of the property. The situation in *Anderson* is the antithesis of this case. There, it was charged that the amounts bid were so grossly inadequate as to amount to fraud, and it was held that a judicial sale will not be set aside for inadequacy of price in the absence of fraud or irregularity in the sale. The reason for the rule is that stability be given judicial sales. The *Anderson case* does not support defendants' contention.

The real thrust of this controversy, aside from the constitutional attack, is aimed at the possible disposition of the lots by the county. It is charged in the objections and intervening petitions on information and belief that the certificates, or titles acquired thereunder, are to be sold for a nominal price to the village of Lake Bluff for a golf course. It was on this alleged intention that the defendant and intervenors sought the taking of evidence. They assert that the county is held to the high standards of conduct of a trustee. They further assert that the discretion exercised by the county in bidding should be reviewed to ascertain if it was a business decision or a capricious act. It is also alleged that the court abused its discretion in failing to require proof that a noncash bid was a better bid than a lower cash bid.

The court heard no testimony but, after hearing arguments, overruled the objections and dismissed the intervening petitions. Assuming the constitutionality of section 216d, the action of the trial court seems entirely proper. The provisions of the statute had been followed, the bid was for the full amount of taxes, interest and costs and the several taxing districts became the equitable owners with the legal title (subject to redemption) in the county as trustee. The com-

plaints are not really directed at the purchase by the county but at a possible subsequent sale which is not in issue at this time. These objections are speculative and premature.

Section 216d is criticized as unconstitutional upon several grounds. It is alleged to be in violation of section 4 of article IX of the Illinois constitution which provides that tax sales of real estate must be upon the order of a court of record. The proceeding in the circuit court under which the tax sale was conducted was upon the order of the circuit court and satisfied the constitutional mandate. Appellants, however, proceed upon the theory that a later sale by the county would be the equivalent of a tax sale. We think it obvious that the constitutional provision applies only to the actual tax sale and not to subsequent disposition by the county. As we heretofore pointed out, the county is acting in a trust capacity and the rights of taxpayers can be protected if and when the county attempts to violate its trust.

It is next contended that section 216d denies due process because it is vague, uncertain and incomplete. This is premised largely on the county's discretionary power to bid without any guide as to how the power should be exercised. Similarly, the discretionary power to apply it in one instance and not apply it in another under like circumstances is charged to be an unwarranted delegation of legislative power and hence denies equal protection. Under our system of government we have recognized the impracticability of the legislature spelling out the details of matters of local concern, and have held that it may constitutionally delegate legislative power. (*People ex rel. Soble* v. *Gill*, 358 Ill. 261; *People ex rel. Adamowski* v. *Public Building Com.*, 11 Ill. 2d 125; *People ex rel. Drobnick* v. *City of Waukegan*, 1 Ill. 2d 456.) The case of *Peabody* v. *Russel*, 302 Ill. 111, does not support appellants' position since it dealt with an unwarranted delegation of legislative authority to the executive department. The provisions of section 216d are not rendered vague by the authority given to both acquire title

and to sell the certificates. A county may either bid and take all steps to acquire complete title or it may, in the alternative, sell the certificates of purchase before acquiring full title. Nor is the section rendered vague by failure to provide to whom the certificates may be assigned and the consideration to be received.

Appellants charge that the section in question may deprive owners of the prior right of redemption in violation of section 5 of article IX of the constitution. They concede that section 253 of the Revenue Act provides the two-year constitutional redemption period from date of sale, but hypothesize that if a county sells a certificate for a lesser amount than its bid, the owner would still have to pay the amount of the original bid to redeem rather than the amount paid by the certificate purchaser and would thereby be less favored than such purchaser. The constitutional mandate for a two-year redemption period has been literally followed in section 253. No owner or interested party loses his right of redemption but may redeem for the amount of the bid whether the certificate of sale is sold for either a lesser or greater amount. (*Dupuy* v. *Morse,* 337 Ill. App. 1.) The bid by the county did not abridge the constitutional right of redemption.

The next constitutional objection is that the keeping of the property by the county or the subsequent sale of the certificates would constitute a release or commutation in violation of sections 6 and 7 of article IX of the constitution. As pointed out in *Schreiber* v. *County of Cook,* 388 Ill. 297, a judicial sale under the direction of the court is not a release, since a release is a discharge by voluntary act, and a sale of land to satisfy a tax lien constitutes an extinguishment of the lien by operation of law. The lien becomes merged in the title. The later disposition of the property so acquired is not an issue in this case.

Finally, appellants contend that the county's purpose was to acquire property for public purposes, which amounted to

condemnation. They argue that if the county had been compelled to answer requests for admission of relevant facts, its intent would have been disclosed; namely, to unlawfully acquire the property for the village of Lake Bluff. The court required answers to interrogatories 7 and 16 which were requests for the names of the taxing bodies and a reply to the question of the county board's authorization of a bid of the full amount, respectively. The balance of those propounded dealt largely with past policies and practices, and the purpose of acquisition. We have repeatedly pointed out in this opinion that the intention of the county with respect to the future disposition of the property acquired at the sale was irrelevant and not germane to the issues. The court properly denied the remaining requests for admission.

We are of the opinion that section 216d is constitutional and that the proceedings had thereunder, including the purchase by a noncash bid by the county, substantially compiled with the statute. The judgment of the circuit court of Lake County is, therefore, affirmed.

*Judgment affirmed.*

Mr. CHIEF JUSTICE SCHAEFER took no part in the consideration or decision of this case.