**William E. DAVIS, Plaintiff,**

**v.**

**Tom ADAMS, as Secretary of State of the State of Florida, Defendant.**

**Civ. A. No. 1615.**

United States District Court,
N. D. Florida,
Tallahassee Division.

July 17, 1970.

Joe J. Harrell, Harrell, Wiltshire, Bozeman, Clark & Stone, Pensacola, Fla., for plaintiff.

T. T. Turnbull and Ronald W. Sabo, Asst. Attys. Gen., Dept. of Legal Affairs, Tallahassee, Fla., for defendant.

Before SIMPSON, Circuit Judge, and SCOTT and ARNOW, District Judges.

**1294**

## ORDER OF DISMISSAL FOR WANT OF JURISDICTION

PER CURIAM.

■ Under applicable decisions, a three-judge panel should be convened when injunction is sought on substantial federal constitutional grounds and there is involved irreparable harm and injury.

■ There is, of course, here involved irreparable harm and injury, and the federal constitutional questions are substantial. The contention that the Florida act here challenged violates the Constitution of the United States by attempting to add a qualification to the office of congressman is alone substantial and serious, and of course, other constitutional questions here involved present, also, serious questions.

For that reason, this three-judge court was convened. Having been convened, it must now determine whether it has jurisdiction.

■■ It is undisputed that in this case, the plaintiff presented all of his federal constitutional questions raised here except his claim of constitutional invalidity under the First Amendment to the Supreme Court of Florida, and that, on the merits of those contentions, the Supreme Court of Florida held that the Florida act was constitutional, as against his attack. This Court has no jurisdiction to directly review a final determination of federal constitutional questions voluntarily submitted to and decided by the Supreme Court of Florida in connection with litigation pending in that court, regardless whether review by the United States Supreme Court has been sought. Eitel v. Faircloth, 311 F.Supp. 1160 (S.D.Fla.1970), Paul v. Dade County, Florida, 419 F.2d 10 (5 Cir. 1969), Brown v. Chastain, 416 F.2d 1012 (5 Cir. 1969).

Plaintiff acted freely and without reservation in submitting his federal claim of unconstitutionality to the State Supreme Court. He did not, as did the plaintiff in England v. Louisiana State Board of Medical Examiners, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964), start first in Federal District Court and then, under the abstention announcement by the District Court, proceed to litigate his federal constitutional claims in the state court. To the contrary, Plaintiff here started in the state court, and presented all of his federal constitutional questions, except the one to that court, and has now had final decision on the merits by the highest court in Florida on those constitutional claims.

■ Moreover, res judicata principles are applicable here. Plaintiff voluntarily submitted to the highest court in Florida his federal constitutional claims and suffered an adverse ruling on them from that court. His First Amendment claim could have been there presented. That, through oversight or for other reason, he did not do so, gives him no right to bring it to this Court, either alone or with the other federal constitutional questions he presented to that court, seeking, in effect, review by this Court of the decision by the Supreme Court of Florida that the Act is constitutional against the attack he made on it, and insofar as he is concerned. American Surety Co. v. Baldwin, 287 U.S. 156, 166, 53 S.Ct. 98, 77 L.Ed. 231 (1932), Norwood v. Parenteau, 228 F.2d 148 (8 Cir. 1955), Anderson v. Meisser, 285 F.Supp. 974 (E.D.N.Y.1968), Deane Hill Country Club Inc. v. City of Knoxville, 379 F.2d 321 (6 Cir. 1967) (citing England), Grubb v. Public Utilities Commission of Ohio, 281 U.S. 470, 50 S.Ct. 374, 74 L.Ed. 972 (1930).

■ This Court, of course, does not possess appellate jurisdiction over state courts. Rooker v. Fidelity Trust Company, 263 U.S. 413, 44 S.Ct. 149, 68 L. Ed. 362 (1923).

This matter has been briefed and argued on the merits before this Court,

and it is now ready for final determination.

Therefore, it is

Ordered and adjudged as follows:

1. That this case be and the same is hereby dismissed for lack of jurisdiction, at Plaintiff's cost.