MR. BOSTON DISTILLER CORP., a Florida Corporation and Consolidated Distributors of Tampa, Inc., a Florida Corporation, Plaintiffs,

v.

Richard A. PALLOTT et al., Defendants.

Civ. A. No. 1812.

United States District Court,
N. D. Florida,
Tallahassee Division.

May 22, 1972.

Shalle Stephen Fine, Miami, Fla., for plaintiffs.

Herbert Klein, Board of Business Regulation, Tallahassee, Fla., for defendants.

## ORDER OF DISMISSAL FOR WANT OF JURISDICTION

MIDDLEBROOKS, District Judge.

This cause is before this Court upon plaintiffs' complaint for declaratory and injunctive relief wherein restraint in the enforcement of Florida Statutes, 1970, § 561.463, F.S.A., is sought. Plaintiffs have requested that pursuant to Title 28, United States Code, Section 2284, a Three-Judge Court be convened to hear this matter as required by Title 28, United States Code, Section 2281. The statute assailed is a tax statute allotting a preferred rate of tax to distillers and bottlers of distilled products with respect to alcoholic beverages manufactured in Florida exclusively from raw

materials produced in Florida and not blended with whiskey produced in any other state. It is alleged that this statutory scheme fixing qualifications for the preferred tax rate consists of an unreasonable classification and deprives plaintiffs of equal protection under the law and of due process of law. Before acting on plaintiffs' request the Court, *sua sponte,* raised the question of this Court's jurisdiction over the subject matter of this controversy and requested submission of briefs by plaintiffs.

Guided by Jackson v. Choate, 404 F.2d 910 (5th Cir. 1968), this Court reaches the threshold issue in this cause. The question presented is whether a Three-Judge Court should be empanelled to hear this matter because substantial constitutional questions may have been raised by the complaint.

To this recurring question, the answer to which it has been described can be arrived at only "by judicial prescience of a Delphic order", the Fifth Circuit Court of Appeals has supplied the following formula:

"The substantive test is simple in terms, though not so simple in application—unless the claim of validity/invalidity is insubstantial a 3-Judge Court is required." Mayhue's Super Liquor Store, Inc. v. Meiklejohn, 426 F.2d 142, 144 (5th Cir. 1970).

The source for this pronouncement is found in the abysmal confines of Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1934):

"The existence of a substantial question of constitutionality must be determined by the allegations of the bill of complaint. * * * The question may be plainly unsubstantial, either because it is 'obviously without merit' or because 'its unsoundness so clearly results from previous decisions of this court as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy.'" *Ibid.* at 32, 54 S.Ct. at 4.

Having considered the above principles in light of the allegations of the complaint, this Court, sitting as a single-Judge Court, concludes that the constitutional questions sought to be raised cannot be the subject of controversy in this Court and that a Three-Judge Court is not required to hear this cause. Ex parte Poresky, supra. The basis for this decision is set forth in Paul v. Dade County, Florida, 419 F.2d 10 (5th Cir. 1969).

The procedural meanderings of this cause may be capsulated thusly: plaintiff, Mr. Boston, filed a complaint for declaratory relief in the Circuit Court in and for Leon County, Florida, alleging that Florida Statutes, 1970, § 561.463, F.S.A., as applied was comprised of an unreasonable classification and as such unconstitutionally discriminated against plaintiff, Mr. Boston. The Circuit Court accepted plaintiff's constitutional challenge to the statute as meritorious and declared the statute unconstitutional. A direct appeal to the Florida Supreme Court as provided by Fla. Const. Art. V, § 4(2), F.S.A., ensued wherein the Supreme Court reversed the lower court and upheld the constitutionality of Florida Statutes, 1970, § 561.-463, F.S.A. See Faircloth et al. v. Mr. Boston Distiller Corp. et al., 245 So.2d 240 (Fla.1970). Following the decision by the Florida Supreme Court, plaintiffs did not seek to pursue the obvious avenue of appellate review. It is uncontroverted that the federal constitutional questions raised and adjudicated in the Florida courts are identical to those constitutional questions raised in the instant complaint for declaratory and injunctive relief.

In light of this Court's decision in Davis v. Adams, 315 F.Supp. 1293 (N. D.Fla.1970) (Three-Judge Court), this Court, *sua sponte,* raised the question of subject matter jurisdiction and requested submission of briefs as to this threshold issue. Plaintiffs assert that jurisdiction of this Court is predicated on special federal question jurisdiction and is invoked pursuant to Title 28,

United States Code, Section 1341. It is further contended that relief can be obtained in this court as "exhaustion of state remedies" has occurred as contemplated by the foregoing section.

■ Insofar as plaintiffs interpret Title 28, United States Code, Section 1341 as requiring exhaustion before assumption of jurisdiction of the matter by this Court, the Court is in agreement with plaintiffs' interpretation. See e. g. American Commuters Assn. v. Levitt, 405 F.2d 1148 (2d Cir. 1969). The principle of comity no doubt was a paramount consideration of the Congress when this law was enacted just as it is under Title 28, United States Code, Section 2254(b), the habeas corpus statutory section requiring exhaustion.

■ Plaintiffs assume, however, that once exhaustion of remedies has been wrought in the state courts, the United States District Court must then take jurisdiction over the subject matter of the controversy and proceed to adjudicate the merits of plaintiffs' constitutional claims. This position is simply erroneous and draws ·no force by likening the exhaustion requirement of Title 28, United States Code, Section 1341 to that of the habeas corpus section.[1]

■ As was noted previously the same federal constitutional questions raised in the instant complaint have been argued to and heard by the highest tribunal of the State of Florida. What plaintiffs seek to have this Court do is to convene a Three-Judge Court to exercise appellate review of a decision of the Florida Supreme Court. This the Court cannot do. Paul v. Dade County, supra; Davis v. Adams, supra. See also Autokefalos Orthodox Spiritual Church of St. George, The Tropeophoros v. Hallahan, 103 F.Supp. 389 (S.D.N.Y.1952).

Referring to England v. Louisiana State Board of Medical Examiners, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440

(1964), this Court observes the following "judge made rule":

" * * * We now explicitly hold that if a party freely and without reservation submits his federal claims for decision by the state courts, litigates them there, and has them decided there, then—whether or not he seeks direct review of the state decision in this Court—he has elected to forego his right to return to the District Court." *Ibid.* at 419, 84 S.Ct. at 467.

In accord, see NAACP v. Button, 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963).

In the proceedings below, plaintiffs fully litigated their federal constitutional claims and exposed them to the state tribunals for adjudication without expressly reserving, should the state courts hold against them on the question of state law, the right to return to the District Court for disposition of their federal contentions. See *England,* supra, 375 U.S. at 421, 84 S.Ct. 461. Thus, it affirmatively appears that plaintiffs, in submitting their constitutional claims to the state courts, did so *unreservedly* with the express desire to have all claims there fully litigated. In such a procedural setting this cause should not be allowed to be relitigated in the United States District Court for obvious reasons:

" * * * Such a rule would not only countenance an unnecessary increase in the length and cost of the litigation; it would also be a potential source of friction between the state and federal judiciaries." *England,* supra, at 419, 84 S.Ct. at 466.

■ Thus, having determined that this Court lacks jurisdiction over the subject matter of this controversy in its present procedural posture, it is appropriate for this Court, sitting as a single-Judge District Court, to dismiss the

---

1. This conclusion becomes plain when considered in light of England v. Louisiana State Board of Medical Examiners,

375 U.S. 411, 417 n. 8, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964).

petition to convene a Three-Judge Court and to dismiss the complaint for want of jurisdiction. American Commuters Assn. v. Levitt, supra; Green v. Board of Elections of the City of New York, 380 F.2d 445 (2d Cir. 1967), cert. den. 389 U.S. 1048, 88 S.Ct. 768, 19 L.Ed.2d 840 (1968).