(No. 48505.—

28 EAST JACKSON ENTERPRISES, INC., Appellant, v.
EDWARD J. ROSEWELL, County Treasurer, Appellee.

*Opinion filed December 3, 1976.*

Moses, Gibbons, Abramson & Fox, of Chicago (James
L. Fox and Donald P. Colleton, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Paul P.
Biebel, Jr., Deputy State's Attorney, and Henry A. Hauser
and Michael F. Baccash, Assistant State's Attorneys, of
counsel), for appellee.

MR. JUSTICE SCHAEFER delivered the opinion of
the court:

The plaintiff, 28 East Jackson Enterprises, Inc., is an
Illinois corporation which acquired, in 1969, a long-term
lease upon real estate located on Jackson Boulevard in the
Loop in downtown Chicago. By a succession of actions
filed in the United States District Court for the Northern
District of Illinois, it has succeeded in evading entirely the
payment of any real estate taxes upon the entire parcel of
property, fee and leasehold, at least since 1972. The
present action involves certain limited legal issues with

respect to the statutory procedure governing the collection of those taxes and the scope of equitable relief under Illinois law which the plaintiff has selected for presentation to this court. Both in the complaint which the plaintiff filed in the circuit court of Cook County, and in the briefs and oral argument submitted in its behalf in this court, the plaintiff has sought to exclude the Illinois courts from effective consideration of any questions under the Constitution of the United States concerning the adequacy of the administrative and judicial procedures of the State of Illinois for the determination of the validity of the assessment of property for taxing purposes.

A summary of the allegations of the complaint and its description of the theory upon which the plaintiff bases its right to an injunction will be helpful, as will a brief description of the proceedings that have taken place in the Federal courts. The fundamental question before this court, however, concerns the authority of Illinois courts to enter judgments which concededly lack finality because the issues that may be determinative have been deliberately excluded from judicial consideration.

The present complaint was filed in the circuit of Cook County on January 5, 1976, against the defendant, Edward J. Rosewell, county treasurer and *ex officio* county collector of Cook County. It sought an injunction restraining the defendant from selling its property for nonpayment of its 1974 taxes. The circuit court refused to issue a preliminary injunction and subsequently granted the defendant's motion to dismiss the complaint. The plaintiff filed a notice of appeal to the appellate court, and the appeal was transferred here under Rule 302(b).

The complaint alleged that the plaintiff's property had been grossly overassessed because of the failure of the assessor to view the property or to resort to readily available data which would have shown that its value was substantially less than that at which it was assessed. It also alleged that the defendant collector knew of the improper

assessment practices followed by the assessor, and that in issuing tax bills to the plaintiff based upon those assessments the defendant had aided and abetted the assessor in imposing excessive and discriminatory taxes upon the plaintiff. The action taken by the defendant was attacked as being a violation of article IX, section 4, and the due process and equal protection clauses contained in article I, section 2, of the Constitution of Illinois.

The amount of real estate tax for which the plaintiff was billed in 1974 came to about $80,000, according to the complaint. The complaint also alleged that had the plaintiff's property and all other property in Cook County been properly assessed, the 1974 real estate tax charge against the plaintiff's property would have been decreased by about $50,000.

The plaintiff states that it lacked funds and was unable to borrow them in sufficient amount to pay the $80,000 in taxes for which it was billed, and that if the property in question were sold, the plaintiff's ground lease would be subject to forfeiture. Since the statutory procedure for protesting property taxes requires payment of the tax in full under protest as a condition to obtaining judicial review of the assessment (Ill. Rev. Stat. 1975, ch. 120, pars. 675, 716), the plaintiff contended that it had no adequate remedy at law and was therefore entitled to injunctive relief.

In its complaint the plaintiff represented that it was "prepared and willing to pay just taxes on its property" or to pay whatever amount the circuit court "determines to be just." No tender was made at the time of filing suit of that portion of the tax which the plaintiff concedes to be properly due, however. Neither in the complaint filed in the case before us, nor in any of the actions which are filed in the United States district court, did the plaintiff tender into court any amount whatsoever. Its position in this respect is described in these terms in its brief in this court:

"*** Taxpayer does not argue that equity has the

power to enjoin collection of, or judgment and order of sale with respect to the just and legal part of the tax. Rather, it is the unjust or illegal moiety which taxpayer insists may be enjoined when taxpayer lacks funds to follow the statutory remedy, and this illegal part may be enjoined without regard to whether all, some or none of the just moiety has been paid. ***"

(In an earlier proceeding the United States district court issued its injunction restraining the collection of the tax without bond, saying:

"*** This has not been requested by the defendants, and we will not require one on our own motion, because it appears from the evidence that plaintiff has ample assets to guarantee the payment of its 1972 taxes with interest if this is the final outcome of this lawsuit.***")

On the day that it denied the plaintiff's motion for a preliminary injunction, the circuit court granted a motion by the plaintiff for a temporary restraining order halting the defendant's sale of the plaintiff's property for a short period of time in order to give the plaintiff an opportunity to apply to the Federal district court for injunctive relief.

The plaintiff then sought and obtained from the United States District Court for the Northern District of Illinois a preliminary injunction which restrained the sale of the plaintiff's property "until the plaintiff has exhausted or abandoned its remedy in the State court." Although neither party has called it to our attention, an appeal was taken from that order to the court of appeals, which has stayed disposition of that appeal pending adjudication of the appeal which is now before us.

The plaintiff had previously instituted litigation in the Federal district court to enjoin the sale of its property for delinquent taxes for the years 1972 and 1973 on similar grounds. The complaints in those cases charged that the tax assessments against the plaintiff violated both the Illinois and the Federal constitutions, and the district court issued preliminary injunctions. The court's action

was premised upon its view that the plaintiff lacked a "plain, speedy and efficient remedy" under the laws of Illinois, so that the Federal statute which prohibits injunctions against the assessment, levy, or collection of a State tax (28 U.S.C. sec. 1341) was inapplicable.

On appeal the United States Court of Appeals for the Seventh Circuit took a contrary view, and it reversed the judgment of the district court and remanded the case with directions to dismiss the complaint. (*28 East Jackson Enterprises, Inc. v. Cullerton* (1975), 523 F.2d 439.) The opinion of the court of appeals appears to accept the plaintiff's claim that the statutory procedure for challenging a real estate tax was not adequate in the circumstances alleged by the plaintiff. The court of appeals, however, relying on certain language in *Clarendon Associates v. Korzen* (1973), 56 Ill. 2d 101, and on two subsequent decisions by our court in *La Salle National Bank v. County of Cook* (1974), 57 Ill 2d 318, and *Hoyne Savings & Loan Association v. Hare* (1974), 60 Ill. 2d 84, concluded: "[I]t is reasonably certain that the Illinois courts would entertain a suit for an injunction when a taxpayer establishes that he lacks the funds to comply with the statutory remedy of payment under protest." (523 F.2d 439, 442.) Circuit Judge Swygert, dissenting in part, expressed doubt whether the State courts would indeed entertain the plaintiff's claim. He accordingly took the position that the district court did have jurisdiction but that it should abstain from exercising jurisdiction pending submission of the plaintiff's claim to the State courts.

Following the decision by the court of appeals the plaintiff, on October 14, 1975, filed suit in the circuit court of Cook County to enjoin the sale of its property for failure to pay taxes for the years 1972 and 1973, and on December 4, 1975, the plaintiff brought the present action to obtain the same relief as to its unpaid taxes for 1974. The plaintiff has advised us that the circuit court has continued the suits involving the 1972 and 1973 taxes

until such time as we decide the present case.

Plaintiff also filed a petition for a writ of *certiorari* in the Supreme Court of the United States to review the decision of the court of appeals. That petition was denied by the Supreme Court on January 19, 1976 (423 U.S. 1073, 47 L. Ed. 2d 83, 96 S. Ct. 856), shortly after the filing of the complaint in the present case. The court of appeals initially stayed the issuance of its mandate until the Supreme Court could pass on a petition filed by the plaintiff for a rehearing of the denial of *certiorari*. After rehearing was denied on March 8, the court of appeals then granted an application for a further stay of its mandate pending final adjudication of the present case in the Illinois courts and also the actions filed by the plaintiff to contest its real estate taxes for 1972 and 1973.

In its complaint filed in this case the plaintiff states: "Plaintiff specifically excepts from its Complaint any allegations of or reliance upon its rights under the Constitututution and laws of the United States, reserving solely to the federal courts the adjudication of such rights." The plaintiff also states in its brief in this court: "Counsel admit that parties to the state court action cannot prevent the state court from rendering a decision on a federal question if it chooses to do so, *** albeit such decision cannot bind the District Court, is not *res adjudicata*, and in no way obviates a different holding by that Court."

As we view this case, its determination in this court does not depend upon an analysis of the intimate details of the Federal abstention doctrines. Our concern centers upon whether, under the Constitution of Illinois, we may pass upon those questions of State law which the plaintiff has raised, including the question whether the complaint alleges a cause of action for injunctive relief. We conclude that we lack the authority to do so. As this case has been shaped, the role of the Illinois judicial system closely resembles that of a master in chancery for the Federal

district court. Any judgment that an Illinois court might render would not definitively adjudicate the rights of anyone. It would be in the nature of an advisory opinion only. The Illinois Constitution does not vest this authority in its judges.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*