**28 EAST JACKSON ENTERPRISES, INC., Plaintiff-Appellee,**

v.

**P. J. CULLERTON, Individually and as Cook County Assessor, and Bernard J. Korzen, Individually and as Treasurer and Ex-Officio Collector of Cook County, Defendants-Appellants.**

No. 74-1179.

United States Court of Appeals, Seventh Circuit.

March 24, 1977.

As Amended March 28, 1977.

Before FAIRCHILD, Chief Judge, and SWYGERT and SPRECHER, Circuit Judges.

FAIRCHILD, Chief Judge.

■ Plaintiff, 28 East Jackson Enterprises, Inc., claims that the decision of the Illinois Supreme Court in the case of *28 East Jackson Enterprises, Inc. v. Rosewell*, 65 Ill.2d 420, 3 Ill.Dec. 454, 358 N.E.2d 1139, No. 48505 (1976), establishes that plaintiff has no "plain, speedy and efficient remedy" in the courts of Illinois for the wrongful tax assessment it complains of in this action, and therefore, that our initial decision in this case, *28 East Jackson Enterprises, Inc. v. Cullerton*, 523 F.2d 439 (7th Cir. 1975), directing dismissal of petitioner's complaint for lack of federal jurisdiction because we believed such remedy to exist, should be reconsidered. We have read the opinion of the Illinois Supreme Court in the *Rosewell* case and do not believe it establishes that the courts of Illinois would not grant equitable relief to a taxpayer able to prove the facts alleged by plaintiff. Accordingly, we deny the petition to rehear.

## I. *Plaintiff's Federal Suit*

The facts of this case, insofar as plaintiff claims wrongful tax assessments of its property in violation of the equal protection and due process clauses of the United States Constitution and of various provisions of the Illinois Constitution and Code, are set forth in this court's initial opinion, *28 East Jackson Enterprises, Inc. v. Cullerton*, 523 F.2d 439 (7th Cir. 1975). We there reversed the district court's grant of a preliminary injunction prohibiting the tax authorities of Illinois from selling petitioner's property to satisfy past taxes owing. From our reading of various recent Illinois decisions, we concluded that the courts of Illinois would be willing to grant equitable relief in a case of improper tax assessment, that petitioner therefore had a "plain, speedy and efficient remedy" in state court for the injury he complained of, and that, as a result, the federal courts, pursuant to 28 U.S.C. § 1341,[1] lacked jurisdiction to consider petitioner's case. We remanded the case to the district court with directions to lift the injunction and dismiss the complaint for lack of jurisdiction. Our mandate to the district court has been stayed, first by plaintiff's application for *certiorari*[2] and then by order of this court pending final adjudication of plaintiff's state court case involving taxes on the same property, but for different years. It was our understanding that in plaintiff's state court case it was making the same claims as in its federal case, and based on that assumption, we were willing to stay our mandate and entertain a second petition for rehearing if the ultimate decision in the state court case established that there is no plain, speedy, and efficient state remedy for plaintiff's federal claims in plaintiff's alleged circumstances.

## II. *Plaintiff's State Suits*

In October, 1975, plaintiff commenced proceedings in an Illinois court to enjoin the sale of its property for failure to pay taxes for the years 1972 and 1973. Shortly thereafter, plaintiff filed another suit seeking the same relief with respect to its unpaid taxes for 1974. In the latter case, the Circuit Court of Cook County refused to issue a preliminary injunction and subsequently granted the defendant's motion to dismiss. Appeal[3] was transferred directly to the Supreme Court of Illinois which affirmed the

1. 28 U.S.C. § 1341 provides:

    The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such state.

2. Petitioner was denied *certiorari* by the Supreme Court on January 19, 1976. 423 U.S. 1073, 96 S.Ct. 856, 47 L.Ed.2d 83 (1976).

3. The suit seeking injunctive relief as to the 1972 and 1973 taxes was seemingly continued by the Circuit Court of Cook County pending the Illinois Supreme Court's resolution of the suit pertaining to the 1974 taxes. It has now been dismissed. *28 East Jackson Enterprises, Inc. v. Rosewell*, No. 75 CH 6436 (Circuit Court, Cook Cty., Jan. 26, 1977).

lower court's dismissal, *28 East Jackson Enterprises, Inc. v. Rosewell*, No. 48505, 65 Ill.2d 420, 3 Ill.Dec. 454, 358 N.E.2d 1139 (1976). Plaintiff cites this affirmance as evidence that equitable relief is not available to it and that our decision in *28 East Jackson Enterprises, Inc. v. Cullerton* was erroneous.

We have considered the *Rosewell* decision of the Illinois Supreme Court and do not find that it evidences an unwillingness on the part of the courts of that state to grant equitable relief to a taxpayer in plaintiff's alleged circumstances. Indeed, it does not appear that Mr. Justice Schaefer's opinion addresses the issue of what relief is available in such cases. Rather, as the court saw it,

> The fundamental question . . . concerns the authority of Illinois courts to enter judgments which concededly lack finality because the issues that may be determinative have been deliberately excluded from judicial consideration.

And in response to this, Mr. Justice Schaefer wrote:

> As this case has been shaped, the role of the Illinois judicial system closely resembles that of a master in chancery for the Federal district court. Any judgment that an Illinois court might render would not definitively adjudicate the rights of anyone. The Illinois Constitution does not vest this authority in its judges.

Plaintiff must certainly bear primary responsibility for the Illinois Court's refusal to address the point here of interest, *i. e.* whether a "plain, speedy and efficient" remedy in a case of wrongful tax assessment is available in the courts of that state for a taxpayer in plaintiff's alleged circumstances. For throughout the state court litigation, plaintiff sought to exclude from consideration the merits of its federal claim. In its *Rosewell* complaint, plaintiff stated:

> Plaintiff specifically excepts from its Complaint any allegations of or reliance upon its rights under the Constitution and laws of the United States, reserving solely to the federal courts the adjudication of such rights.

And in its brief to the Illinois Supreme Court, it continued:

> Counsel admits that parties to the state court action cannot prevent the state court from rendering a decision on a federal question if it chooses to do so, . . . albeit such decision cannot bind the District Court, is not *res adjudicata*, and in no way obviates a different holding by that Court.

It is obvious that it was this attitude of plaintiff toward the role of the Illinois Supreme Court that prompted that Court's refusal even to address the issue of whether a remedy was available to plaintiffs.

## III. *Continued Lack Of Federal Jurisdiction Under 28 U.S.C. § 1341*

As stated at the outset, our decision in this case was based on our reading of a number of recent Illinois decisions suggesting a willingness on the part of the courts of that state to grant equitable relief in appropriate tax cases, and the fact that if we were right in our interpretation of these decisions, exercise of federal jurisdiction in this case was barred by 28 U.S.C. § 1341. We find nothing in the Illinois Supreme Court decision in *Rosewell* which suggests that we were not correct in our interpretation of the position of the Illinois' courts on the matter of equitable relief in tax cases and so we are unpersuaded that our decision on federal jurisdiction must be reconsidered.

Apparently, plaintiff is of the opinion that the mere affirmance by the Illinois Supreme Court of the circuit court's dismissal of its case evidences that court's unwillingness to provide a speedy, adequate and efficient remedy. Plaintiff forgets that it would be the absence of such state remedy for a *federal claim* which would open the door of the federal court. The Supreme Court of Illinois, however, never reached the issue of available remedies, focusing instead on whether it should consider a case where it believed any decision would be subject to the ultimate review of the federal courts. And the Court's focus on this matter was directly attributable to

**1096**

plaintiff and the narrow way in which it framed its state court case.

Plaintiff argues that it was entitled so to frame the case, that the Supreme Court decision in *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964) established such a right. *England* stands for the proposition that where a case raising a federal claim is properly brought in federal court, a party subsequently sent to state court to resolve some aspect of the case, *see e. g., Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), cannot be deemed to have waived his right to pursue his federal claim in federal court.

 Critical to any reliance on *England* is the proper invocation of federal jurisdiction. The mere raising of a federal claim is not enough. For primary federal jurisdiction exists only to the extent Congress has provided, and it is by no means incumbent upon Congress to provide a federal forum for the vindication of every federal right. *See Sheldon v. Sill*, 49 U.S. (8 How.) 441, 12 L.Ed. 1147 (1850); *see also* P. Bator, P. Mishkin, D. Shapiro & H. Wechsler, *Hart & Wechsler's The Federal Courts and the Federal System*, 330–75 (2d ed. 1973). In 28 U.S.C. § 1341, Congress decreed that in matters affecting state tax assessments or collections, no federal court shall have jurisdiction so long as a plain, speedy and efficient remedy is available in state court. This denial of jurisdiction is complete and applies regardless of whether the tax complaint filed invokes a federal claim alone or in conjunction with state claims. *See Mandel v. Hutchinson*, 494 F.2d 364 (9th Cir. 1974) (in which it was held that the jurisdictional bar of section 1341 was not avoided by challenging state tax statute on *federal* grounds); *see also* P. Bator, P. Mishkin, D. Shapiro and H. Wechsler, *Hart & Wechsler's The Federal Courts & the Federal System*, 978 (2d ed. 1973). The only concern is whether or not there is an adequate state court remedy for the federal claims.

The attempt by plaintiff to reserve its federal claims in presenting its case of wrongful tax assessment to the Illinois courts has resulted in the Supreme Court of Illinois refusing to consider the merits of the case and, as to the matter of relief, rendering an opinion which neither confirms nor contradicts this court's opinion as to the remedies available in tax cases brought in the courts of that state. Accordingly, we are not persuaded that our initial decision was erroneous, and deny rehearing. We further lift the stay of mandate so that the cause will be remanded to the district court with instructions that the preliminary injunction be lifted and that the complaint be dismissed, all as originally decided.

PETITION DENIED.