28 EAST JACKSON ENTERPRISES, INC., Plaintiff-Appellant, *v.* EDWARD J. ROSEWELL, County Treasurer, Defendant-Appellee.

First District (2nd Division)    No. 78-490

Opinion filed August 15, 1978.

Moses, Gibbons, Abramson & Fox, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Paul P. Biebel, Jr., Michael F. Baccash, and Henry A. Hauser, Assistant State's Attorneys, of counsel), for appellee.

Mr. JUSTICE DOWNING delivered the opinion of the court:

This is an interlocutory appeal from an order of the circuit court of Cook County dated February 10, 1978, denying plaintiff's motion for a

temporary restraining order enjoining the defendant, the treasurer and *ex officio* tax collector of Cook County, from selling plaintiff's property for delinquent 1976 real estate taxes. The issues on appeal are whether plaintiff's complaint requests only an advisory opinion; whether the plaintiff has standing to sue; whether plaintiff's complaint sufficiently alleges the inadequacy of the remedy at law; and whether the trial court committed an abuse of discretion in attaching certain conditions precedent to the grant of the relief sought.

Plaintiff is the owner of a long-term leasehold interest in a 19-story office building in Chicago's Loop. Its complaint, filed February 10, 1978, alleged that defendant had improperly assessed the value of the property at 127% of its fair market value of $700,000, resulting in a tax bill more than three times the just amount. Plaintiff alleged that it was without funds to pursue the statutory remedy of payment of the tax as assessed and suit for refund (Ill. Rev. Stat. 1977, ch. 120, par. 675); that defendant had obtained a judgment for the 1976 taxes and had set February 15, 1978, as the date for the tax sale; and that if the tax sale were permitted to take place, plaintiff would suffer irreparable and immediate harm because of its inability to pay the penalties which would be assessed on redemption. It was alleged that an injunction would cause no harm or injury to defendant, to the public, or to the public revenues; that defendant had no meritorious defense; that plaintiff had a reasonable certainty of prevailing on the merits of its complaint; and that plaintiff had exhausted all of its administrative remedies.

A hearing on the complaint took place on February 10, 1978. Following that hearing, the trial court denied plaintiff's motion.

## I.

The instant case is but one of a series of cases in both the State and Federal courts by which plaintiff has avoided entirely the payment of real estate taxes on the subject property since 1971. The history of plaintiff's legal maneuvers is set forth in *28 East Jackson Enterprises, Inc. v. Rosewell* (1976), 65 Ill. 2d 420, 358 N.E.2d 1139, in *28 East Jackson Enterprises, Inc. v. Cullerton* (7th Cir. 1975), 523 F.2d 439, and in *28 East Jackson Enterprises, Inc. v. Cullerton* (7th Cir. 1977), 551 F.2d 1093, and will not be repeated here.

It is sufficient here to say that these maneuvers suggest a pattern whereby plaintiff has taken advantage of an unresolved question of Illinois law, a gray area of Federal-State relations, and the delays inherent in the judicial process to delay the sale of its tax-delinquent property until after the following year's taxes have also become delinquent, after which a new suit is filed raising the same precise issues and beginning the process

anew.[1] Plaintiff has prevented a final resolution of the merits of its complaint in the courts of this State by reserving its right to relitigate its claims in the Federal district court should the final decision by the Illinois courts be adverse.

In its suit for tax year 1974, plaintiff included the following reservation of rights in its complaint:

" 'Plaintiff specifically excepts from its Complaint any allegations of or reliance upon its rights under the Constitution and laws of the United States, reserving solely to the federal courts the adjudication of such rights.' " (See 28 *East Jackson Enterprises, Inc. v. Rosewell* (1976), 65 Ill. 2d 420, 425.)

Plaintiff's brief to the supreme court also stated: " 'Counsel admit that parties to the state court action cannot prevent the state court from rendering a decision on a federal question if it chooses to do so, * * * albeit such decision cannot bind the District Court, is not *res adjudicata,* and in no way obviates a different holding by that Court.' " (65 Ill. 2d 420, 425.) The court held, in an opinion by Justice Schaefer, that this reservation cast the role of the Illinois judicial system as that of a master in chancery for the Federal district court, that any judgment by an Illinois court under such circumstances would not definitively adjudicate the rights of anyone, and would be in the nature of an advisory opinion which the courts have no jurisdiction under the constitution to entertain. (65 Ill. 2d 420, 425-26.) The Federal courts maintain that they are without jurisdiction to entertain plaintiff's suit because 28 U.S.C. §1341 (1976) ("Taxes by States") limits their jurisdiction to those instances in which there is no plain, speedy, and efficient remedy under State law.[2] The court of appeals, noting several Illinois court decisions (*Clarendon Associates v. Korzen* (1973), 56 Ill. 2d 101, 306 N.E.2d 299; *La Salle National Bank v. County of Cook* (1974), 57 Ill. 2d 318, 312 N.E.2d 252; *Hoyne Savings & Loan Association v. Hare* (1974), 60 Ill. 2d 84, 322 N.E.2d 833; and *Exchange National Bank v. Cullerton* (1st Dist. 1974), 17 Ill. App. 3d 392, 308 N.E.2d 284), has concluded that Illinois courts will grant equitable relief to the owner of tax delinquent property who is without funds to pursue the statutory remedy of payment of the tax and suit for refund, and that plaintiff thus has a simple, speedy, and efficient remedy in the

---

[1] Indeed, we are informed by the parties that after entry of the order appealed from, plaintiff filed another suit in the Federal district court raising these same issues. That court granted two short restraining orders to preserve the *status quo,* and then dismissed plaintiff's complaint for a preliminary injunction without a hearing. Plaintiff appealed to the Federal court of appeals. That court, on July 19, 1978, affirmed the district court's decision and dismissed the appeal without an opinion.

[2] 28 U.S.C. §1341 (1976) provides:
"The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

Illinois courts. 523 F.2d at 439, 442; see also *28 E. Jackson Enterprises, Inc. v. Cullerton*, 551 F.2d 1093, 1095.

Paragraph 12 of plaintiff's present complaint states:

"12. The acts of the Assessor and other taxing officials complained of herein also abridge plaintiff's rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the U.S. Constitution which rights plaintiff exposes to this court only for the purpose of complying with the requirements of *Government Employees v. Windson* [*sic*] 353 U.S. 346 [*sic*: 364] (1957) and intends, should this Court hold against it, to seek disposition of these federal rights by the federal District Court. See *England v. Louisiana State Board of Medical Examiners* 375 U.S. 411, 418-422 (1964); *Mr. Boston Distiller Corp. v. Pallot*, 342 F. Supp. 770 (N.D. Fla.), aff'd 469 F.2d 337 (5th Cir. 1972), *cert. denied*, 411 U.S. 967 (1973). By this reservation plaintiff in no way seeks to obtain an advisory opinion from this court, to deter this Court from adjudicating plaintiff's rights founded on the Federal constitution, or to place this Court in the role of a master in Chancery for the federal District Court."

In spite of plaintiff's assertions to the contrary, we see no material difference between this reservation of rights and that contained in the complaint before the supreme court in plaintiff's suit for tax year 1974. We are bound by our supreme court's determination that under such circumstances, any opinion by this court addressing the merits of plaintiff's claim would be merely an advisory opinion.

Because we have concluded that plaintiff seeks only an advisory opinion, we do not reach the other contentions raised in its brief.

The order of the trial court denying plaintiff's motion for a temporary restraining order is affirmed, and the cause is remanded to the circuit court of Cook County with directions to dismiss the complaint.

Affirmed and remanded.

STAMOS, P. J., and PERLIN, J., concur.